[Civil No. 1982.   Filed October 17, 1922.]

[209 Pac. 596.]

HATTIE L. MOSHER, Appellant, v. SALT RIVER VALLEY WATER USERS' ASSOCIATION, a Corporation, Appellee.

1. WATERS AND WATERCOURSES — PRIMARY EASEMENT FOR IRRIGATION DITCH HELD TO GIVE RIGHT TO GO UPON LAND AND CLEAN DITCH.—Where the United States acquired a primary easement to construct an irrigation ditch on the land of defendant, it also acquired the right, as a secondary easement, to go upon her land to maintain, repair and clean the ditch, but such secondary easement can be exercised only when necessary, and in such reasonable manner as not to increase the burden upon plaintiff.

2. WATERS AND WATERCOURSES—WOODEN PLATFORM OVER IRRIGATION DITCH HELD TO INTERFERE WITH RIGHT TO MAINTAIN AND CLEAN DITCH.—A wooden platform, erected by defendant on an irrigation ditch across her land, which platform was one hundred and eighteen feet long and four feet above the bottom of the ditch, constituted an interference with the easement rights of the United States of access to the ditch to maintain, repair and clean the ditch.

3. WATERS AND WATERCOURSES—SIPHON IN IRRIGATION DITCH NOT A CHANGE IN EASEMENT, WHERE IT WAS CONSTRUCTED WITH PROPERTY OWNER'S CONSENT.—A siphon, constructed in an irrigation ditch across defendant's land, did not impose an unwarranted use and burden upon her property, nor effect a radical change in the easement, nor constitute an additional servitude injurious to her, where the siphon was constructed with her consent.

APPEAL from a judgment of the Superior Court of the County of Maricopa. F. H. Lyman, Judge. Affirmed.

Mr. J. B. Woodward, for Appellant.

Messrs. Kibbey, Bennett, Gust & Smith, for Appellee.

FLANIGAN, J.—The Salt River Valley canal extends in a westerly direction through the city of Phoenix. The prescriptive easement and right of way to this canal for the flowage of water for irrigation purposes is owned by the United States, which, by agreement of date September 6, 1917, authorized the appellee, Salt River Valley Water Users' Association, to care for and operate the canal as a part of the Salt River-Arizona Irrigation project. Appellant is the owner of a tract of land in the Churchill addition to the city of Phoenix, which land extends from the east line of Central Avenue two city blocks easterly to the west line of Second Street. When the canal was first constructed through this area the grounds were unimproved desert land, but with the growth of the city the property has become valuable for business purposes, and appellant is the owner of business buildings thereon fronting on the east line of Central Avenue. These buildings are situated on both sides (north and south) of the canal, a passageway being left on each side between the buildings and the canal. There is also a roof over the canal, at such height, however, as not to interfere with the

maintenance, operation and cleaning thereof. The right to the easement for the canal was established by a judgment of the United States District Court for Arizona, in a suit between the appellant and her predecessors in interest on the one hand, and certain employees of the United States Reclamation Service and appellee on the other, and the dimensions of the canal where it extends through appellant's property were fixed by the judgment at fourteen feet in width and four feet in depth.

In 1913 the city of Phoenix, in connection with proceedings of that city for the paving of Central Avenue in this vicinity, constructed a siphon under the avenue in lieu of the ditch then existing. This siphon, according to the finding of the court, was constructed with the knowledge and consent of appellant and her predecessors in interest.

Prior to the filing of the complaint herein, the appellant, without notice to appellee of her intention so to do, began the construction of a wooden platform or flooring over the west half of that portion of the canal on her premises between the east line of Central Avenue and the west line of First Street. This platform was constructed about four feet above the bottom of the canal and consisted of timber joists two inches by eight inches laid upon timbers placed on the sides, or banks, of the ditch, the flooring thereon being of inch boards. The court found that one of the purposes of appellant in constructing this flooring was to place thereon a building to be used for business purposes. Finding No. 8 sets forth other acts of appellant as a part of the work which brought about this litigation:

"That a portion of said irrigation ditch through said block 1 of Churchill addition, for more than ten years prior to the filing of the original complaint in this cause, has had earth banks thrown up along the sides of said ditch for the purpose of confining the

flow of water of said ditch; that prior to the filing of the original complaint in this cause the defendant removed that portion of said earth banks existing above the wooden sideboards put in on the south side of said ditch under order of the United States District Court for the District of Arizona [the litigation referred to above], from the west line of First Street for a distance of approximately fifty feet westerly from said west line of First Street, the amount of earth so removed being a depth of from one and one-half to two feet; that the removal of said earth bank leaves nothing but the wooden inch boards placed along the sides of said canal to confine the flow of water, and that when said canal is being operated to full capacity, and fluctuations in the flow thereof are brought about either by rain or through other causes beyond the control of the plaintiff, said canal, on account of the removal of the portion of said bank aforesaid, is likely to overflow at said point, and damage property of the defendant and others in the vicinity thereof.''

Almost immediately after learning that this construction was progressing and of the removal of the earth above the side boards in the ditch as set forth in the finding just quoted, appellee brought this action, praying for a temporary restraining order against further work by appellant, for temporary injunction pending the trial, for judgment commanding the defendant to remove the structure already there, and to replace the earth removed, and for permanent injunction against further interference with the easement rights of the United States in the ditch. The restraining order and temporary injunction were accordingly issued, and upon final hearing judgment was rendered as prayed, the court making findings of fact. The case is before us on appeal from such judgment.

The court found that the United States of America is the owner of the easement or right of way for the canal as an irrigation ditch, and that there is necessarily incident to such easement over the premises of appellant the right to maintain, operate, and clean

the same; that ever since the original construction of the canal it had existed as an open earth ditch until, under the order of the United States District Court, wooden boards were placed on the sides thereof on the premises of the appellant; and "that the Salt River Valley Water Users' Association and its predecessors in interest have, ever since said ditch was constructed, exercised the right to operate, maintain, and clean the same as an open ditch." The court also found:

"That ever since said irrigation ditch has been constructed there has been accustomed to accumulate along the bottom and sides of said ditch earth and debris of various kinds, and that in order to keep said ditch in operating condition so that the same may carry the necessary amount of water for the irrigation of the lands below the same, it is necessary for the plaintiff to have access to said ditch for the purpose of cleaning and repairing the same. That ever since said siphon has been constructed earth and debris of various kinds have been accustomed to accumulate in the said siphon; that by means of racks or screens in the canal above the point in question, and by the removal at times of a check in said canal at a point below said siphon, the greater portion of the debris and foreign material could be eliminated from said siphon and that portion of the ditch affected by this action, but this would not entirely eliminate the necessity of access to said ditch and siphon for the purpose of cleaning and repairing the same."

There would seem to be no question, as asserted by appellee, that—

"If the easement right that the appellee and its predecessors in right acquired by prescription is broad enough to entitle the appellee to continue the operation of the canal in question in the same manner as it has heretofore been operated, to wit, as an ordinary open earth ditch, the judgment of the lower court was unquestionably correct."

The finding that appellee and its predecessors in interest have ever since the ditch was constructed ex-

ercised the right to operate, maintain and clean the same as an open ditch is not, of course, to be disregarded. But this finding does not stand alone, and the scope of the inquiry in the court below, with the other findings summarized or quoted above, tend strongly to show that the judgment was probably based on the actual necessity now existing for access to the ditch, rather than on the broader and less conditioned right claimed. However that may be, we prefer to place our decision on the narrower ground than to enter upon a close analysis of the effect of the findings to establish the right in its broader aspect.

The law is settled that—

"Where a permanent easement has once been acquired over the lands of another, and the ditch or canal has once been constructed, the owner of the primary easement has the right, as a secondary easement, to go upon the lands and remove obstructions from the ditch, and to make other repairs necessary, consistent with the full enjoyment of the easement. Such a right or easement carries with it the right to the full enjoyment of the easement itself. 'The express or implied grant of an easement is accompanied by certain secondary easements necessary for the enjoyment of the principal one.' As was defined by the Washington court: 'The term "secondary easement" is applied to the right to enter and repair and do those things necessary to the full enjoyment of an easement as existing.' The right to preserve the flow of water in the ditch also extends to the removal of obstructions from the natural stream from which the water is taken. . . . But these secondary easements must be exercised only when necessary, and in such a reasonable manner as not to needlessly increase the burden upon the servient tenement." 2 Kinney on Irrigation and Water Rights, 2d ed., § 992, and authorities cited.

Under these authorities, the secondary easement of the United States to do all things required to maintain, repair and clean the ditch may be exercised only when necessary and in such reasonable manner as not

to needlessly increase the burden upon the servient tenement of appellant. The question therefore arises whether the structure erected by the appellant may be said unreasonably to interfere with or obstruct the practical operation and use of the canal. We would certainly not be warranted in holding as a matter of law that this structure 118 feet in length and but four feet above the bottom of the ditch is to be justified as consistent with the full enjoyment of the easement to operate, maintain and use the canal, and the necessity of access thereto for repair and to clean the same of earth, debris and other obstructions that naturally accumulate there. The finding of the court that under circumstances of proper operation a necessity exists for access to the ditch and siphon for these purposes, with the other facts found, including the customary and prior use of the ditch as an open one, we think support the conclusion of law and the judgment based thereon that the construction of the wooden platform constitutes in the respects alleged an interference with the easement rights of the United States in and to the ditch.

It is asserted by appellant that the siphon imposed an unwarranted use and burden upon her property, effected a radical change in the easement, and constituted an additional servitude injurious to her in the fact that prior to its construction there had never been any stoppage of the flow of water at the place in question. The quite sufficient answer to this contention is that appellant herself consented to such construction. The finding to this effect, though challenged by appellant, is amply supported by the evidence. In addition to this we are not pointed to the testimony, which shows that prior to the construction of the siphon no necessity existed to repair or clean the ditch. Furthermore, the siphon was put in by the city of Phoenix in connection with proceedings for the paving of that portion of Central Avenue, and

it is not shown that as now existing the siphon is an unlawful structure, or that, if unlawful, appellee ought to be charged with its abatement.

We have carefully considered all the assignments of error. Such of them as are not discussed or disposed of above are without merit.

The judgment is affirmed.

ROSS, C. J., and McALISTER, J., concur.