503 P.2d 972

**George PAPA and Beatrice R. Papa, his wife, Appellants,**

**v.**

**Vincent FLAKE et al., Appellees.**

**No. 1 CA–CIV 1662.**

Court of Appeals of Arizona,
Division 1,
Department A.

Dec. 7, 1972.

Rehearing Denied Dec. 29, 1972.

Wilson & Russin, by Alexander Russin, Holbrook, for appellants.

Davis & Flake, by Jay V. Flake, Show Low, for appellees.

DONOFRIO, Judge.

This is an appeal from a decree quieting title to an irrigation ditch easement in favor of appellee, Vincent Flake, and against appellants George Papa and wife, and also from money judgments for damages entered separately in favor of each of the appellees, Flake, Hansen and Brimhall. For convenience appellants will be referred to in the singular as appellant.

Appellant brought an action for mandatory injunction to order the removal of a concrete lined water ditch built by appellee Flake across appellant's land near Cottonwood Wash adjacent to State Highway 277 in Navajo County. The ditch is used to carry irrigation water for land (approximately 100 acres) which Flake and his brothers inherited from their father and which land Flake had been farming for 22 years under an agreement with the heirs. This land adjoined appellant's land, and the ditch was alleged to have been built by Flake, (appellees Hansen and Brimhall working for him), adjacent to an old existing ditch which crossed over appellant's land. Appellant also alleged abandonment of the original easement by Flake and asked damages for encroachment and trespass on his land. Appellees answered the action, alleging the existence of the ditch, easement by prescription for some 60 years, denied encroaching on appellant's land, and counterclaimed for a decree quieting title to the ditch easement and for damages to appellees resulting from appellant's interference with appellees' use and repair of the easement. Appellees Hansen and Brimhall, with whom Flake contracted to do work on the ditch, counterclaimed for damages for loss of time and use of equipment resulting from appellant's interference with the project.

It is appellant's contention that the decree quieting title and the judgment of the trial court is not justified by the evidence and is contrary to law, arguing in effect that when a portion of the ditch was lined with concrete it was changed in the process and thus deviated from the original ditch and that Flake thereby lost his easement by abandonment. Appellant also argues that appellees' actions in lining the ditch with concrete amounted to trespass on appellant's land and that the trial court erred in not granting appellant the relief prayed for in his complaint.

On appeal the facts must be considered in the light most favorable toward supporting the judgment. The facts are virtually uncontradicted that the Flakes inherited the dominant land from their father, which land used the ditch easement some 75 years. Flake himself had been farming the land 22 of those years. He testified he had used the easement to grow crops since 1947, using the ditch regularly each year during the irrigation season.

As to the changing of the character and location of the ditch, the evidence shows that the ditch is in the same location and of the same size except that a great portion of it is now lined with concrete, and that in doing this work some of the curves in the ditch may have been straightened. Further, that in the years of the ditch's existence the Flakes had made repairs to and maintained the ditch.

With reference to cementing the ditch, the evidence shows that the ditch was first staked out by an engineer employed by the Soil Conservation Service. The Service had approved 1475 feet of concrete ditch lining with a cost of $1,500. In lining the ditch the process was to first fill it in and then cut it out in the same location to carry the same amount of water. A ditching machine would straddle the ditch and other machinery necessary in the work would travel adjacent thereto. Some of the terrain that the ditch crossed was sand dune area.

Appellees' witnesses testified to the effect that the ditch was not a new ditch but the same ditch in the same location and of

the same size, and that appellant's property was not damaged in the process of the work, also that it was not left in any damaged condition. In fact, the engineer testified that the ditch was now smaller than it was originally. The testimony was also to the effect that the ditch was in the same place as it was humanly possible to make it.

We are unable to find under the facts of this case that the court erred in the decision that the appellees did not violate any of appellant's rights in lining the ditch.

■ The prior existence of the easement is not questioned. The law is well settled that a dominant owner, using due care to not needlessly increase the burden of a servient tenement, has a right to enter upon the servient tenement for the purposes of upkeep and repairs of the easement. The easement carries with it the right to do all acts necessary and proper in order to obtain full enjoyment of the easement. Nixon v. Welch, 238 Iowa 34, 24 N.W.2d 476, 169 A.L.R. 1141 (1946).

In Mosher v. Salt River Valley Etc. Ass'n, 24 Ariz. 339, 209 P. 596 (1922), the court quoted with approval the following from 2 Kinney on Irrigation and Water Rights, 2d ed. § 992, and authorities cited:

" 'Where a permanent easement has once been acquired over the lands of another, and the ditch or canal has once been constructed, the owner of the primary easement has the right, as a secondary easement, to go upon the lands and remove obstructions from the ditch, and to make other repairs necessary, consistent with the full enjoyment of the easement. Such a right or easement carries with it the right to the full enjoyment of the easement itself. . . .' " 24 Ariz. at 344, 209 P. at 597.

■ The owner of an easement has the right to enter a servient estate at all reasonable times to effect the necessary repairs and maintenance. Dyer v. Compere, 41 N.M. 716, 73 P.2d 1356 (1937); Otter Tail Power Company v. Malme, 92 N.W.2d 514 (N.D. 1958). The evidence supports the reasonableness of the time and manner of doing the work. Although there is a conflict of evidence regarding such things as the removal of dirt and of a tree from the premises, there is an abundance of evidence to the contrary on this point. There is also an abundance of evidence that the work was done in a reasonable and appropriate manner. Further, there was evidence and pictures to show that parts of this area were relatively worthless for vegetation and that the lining was necessary to prevent the excessive loss of irrigation water which benefitted no one in this sand dune area. We are unable to see where the lining of a ditch with concrete in an area which is partially sand dune terrain would be an unreasonable change. See Stamatis v. Johnson, 71 Ariz. 134, 224 P.2d 201 (1950), modified 72 Ariz. 158, 231 P.2d 956 (1951); Big Cottonwood Tanner Ditch Company v. Moyle, 109 Utah 213, 174 P.2d 148, 172 A.L.R. 175 (1946). Although it may be considered a practical method to conserve water in the present situation, we do not mean to imply that such may be the proper thing to do in other irrigation easement situations.

■ The only remaining issue to be determined is appellant's contention that the trial court erred in granting appellees any damages whatever. Appellant in his brief bases this contention on the fact that the appellees had no authority to enter upon appellant's property. He also bases it on the contention that the new ditch deviated from the old ditch, thus making the appellees trespassers and not entitled to damages. Since we have decided that appellees had a right to repair the ditch in the manner in which they did, and that they were not trespassers, the foregoing basis upon which appellant predicates the error does not exist. We have, however, considered the record with respect to appellees' claim for damages and find there is substantial evidence to support the awards made.

Affirmed.

STEVENS, P. J., and CASE, J., concur.