[Civil No. 1070.   Filed March 20, 1909.]

[100 Pac. 810.]

## C. L. CUMMINGS, Administrator of the Estate of ANTONIO PERETTI, Deceased, Plaintiff and Appellant, v. M. ROSENBERG, THE BANK OF BENSON, a Corporation, L. D. REDFIELD, HENRY ETZ & CO., and CHARLES DE BAND, Defendants and Appellees.

1. CONSTITUTIONAL LAW—STATUTES—CONSTRUCTION IN FAVOR OF VALIDITY.—Where a statute of limitations summarily cuts off the bringing of actions, the court, to save it from being held invalid, will impute to the legislature an intent to have it operate prospectively only.

2. LIMITATION OF ACTIONS — STATUTES—VALIDITY.—The legislature may shorten the period of limitations or provide a new limitation where none existed before, subject to the restriction that a reasonable time must be given for the commencement of actions before the bar takes effect.

3. STATUTES — CONSTRUCTION — PROSPECTIVE OPERATION.—A statute will be construed as having a prospective operation only, unless it plainly indicates the legislative intent that it shall operate restrospectively.

4. LIMITATION OF ACTIONS — RETROACTIVE OPERATION—COMPUTATION OF TIME.—The time elapsing between the passage of a statute of limitation and the date it becomes effective may be considered in determining whether reasonable time has been allowed in which to bring suit on pre-existing causes of action.

5. SAME — SAME — COMPUTATION OF TIME. — Primarily the question of what is a reasonable time in which to sue on pre-existing causes of action is for the legislature, which enacts a statute of limitation to operate retrospectively, and courts will only interfere when it is manifest that a reasonable time has not been provided, determined on a consideration of the circumstances of the case.   Civil Code of 1901, paragraph 2938, barring actions for the recovery of lands in the peaceable and adverse possession of another cultivating, using, and enjoying the same, after ten years after the accrual of the cause of action, approved March 21, 1901, and effective September 1st following, operates on rights of action which accrued before it became effective and is valid as to pre-existing causes of action, since the time between the passage of the act and the date it became effective is not so inadequate as to require the court to hold that the legislature abused its discretion.

APPEAL from a judgment of the District Court of the Second Judicial District, in and for the County of Cochise. Fletcher M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

Kingsbury & English, for Appellant.

Ben Goodrich, for Appellees.

CAMPBELL, J.—The only question presented by this appeal is whether the statute of limitations as contained in paragraph 2938, Civil Code of 1901, bars causes of action which accrued more than ten years prior to the time that it took effect. Its provisions are: "Any person who has a right of action for recovery of any lands, tenements or hereditaments against another having peaceable and adverse possession thereof, cultivating, using and enjoying the same, shall institute his suit therefor within ten years next after his cause of action shall have accrued, and not afterward." This provision is contained in title 41 of the Revised Statutes. It was approved by the governor, March 21, 1901, and took effect the first day of September following. Prior to its adoption there was no statute of limitations in this Territory barring a right of action for the recovery of lands by one claiming title against another holding by peaceable and adverse possession merely. *Curtis* v. *Boquillas Land & Cattle Co.*, 9 Ariz. 62, 76 Pac. 612.

It is urged by appellant that the statute bars only actions commenced more than ten years after September 1, 1901; that if the time which had elapsed between the date the action accrued and the date the statute took effect be considered, thus giving the statute a retrospective operation, the right to bring the action would be summarily cut off, and the statute be rendered unconstitutional. In presenting this view he relies largely upon *Curtis* v. *Boquillas Land & Cattle Co., supra.* He is in error in assuming that the point here involved was there decided. The action was instituted after the passage of the act, but before it took effect. Attention was called to the different rules of construction applicable to statutes of limitation, among others that, where the statute summarily

cuts off the bringing of actions, the court, in order to save it from being held invalid, will impute to the legislature an intent to have it operate prospectively only, citing *Sohn* v. *Waterson*, 17 Wall. 596, 21 L. Ed. 737; but it was not found necessary to determine the intent of the legislature in enacting the statute, since the action was brought before it took effect, and it therefore had no application. The legislature may shorten periods of limitation, or provide a new limitation where none existed before. The only restriction upon its powers is that a reasonable time be given for the commencement of suits before the bar takes effect. *Terry* v. *Anderson*, 95 U. S. 632, 24 L. Ed. 365; *Wheeler* v. *Jackson*, 137 U. S. 245, 11 Sup. Ct. 76, 34 L. Ed. 659; *Soper* v. *Lawrence Brothers*, 201 U. S. 359, 26 Sup. Ct. 473, 50 L. Ed. 788. The rule is to construe a statute as having a prospective operation, unless it plainly indicates the intent of the legislature that it shall operate retrospectively. There would seem to have been no purpose in postponing the time when the statute should take effect other than to provide a time within which actions might be brought before the bar became effective. Again, as said by the court in *Sohn* v. *Waterson*, 17 Wall. 596, 21 L. Ed. 737: "When a statute declares generally that no action or no action of a certain class shall be brought, except within a certain limited time after it shall have accrued, the language of the statute would make it apply to past actions as well as to those arising in the future."

The statute under consideration, by its terms, operates upon rights of action which accrued before it became effective, as well as those which would accrue thereafter, and it must be held to have been the intention of the legislature that it should so operate, unless, in order to hold it valid, we must impute to the legislature an intent to have it operate prospectively only. Therefore we must examine whether the legislature in fact did provide a reasonable time in which actions that had accrued more than ten years prior to its passage, or that would accrue more than ten years prior to the date it was to become effective, might be brought. As pointed out by this court in the Curtis case, the weight of authority is to the effect that the time elapsing between the passage of the act and the date it becomes effective may be considered in determining whether reasonable time has been allowed in

which to bring suit upon pre-existing causes of action. The editors of the title "Limitations of Actions," in 25 Cyc., at page 987, have collected a large number of cases in which it is held that such time may be considered. It is true that the supreme court of Michigan and the court of appeals of New York have held that such time should not be considered. *Price* v. *Hopkin,* 13 Mich. 318; *Gilbert* v. *Ackerman,* 159 N. Y. 118, 53 N. E. 753, 45 L. R. A. 118. Both of these cases concede that the legislature may fix a date after which actions will be barred, but rest upon the theory that a reasonable time must be given in which to bring the action after the statute goes into effect; that to consider the time elapsing between the time of its passage and its going into effect is to make the statute perform its office before it takes effect. We do not perceive that there is any sound reason for the distinction claimed. The passage of the statute operated as notice to those having causes of action which had accrued more than ten years before it was to become effective that they must institute suits to enforce their rights before the first day of September following, or suffer the bar of the statute. The real situation of appellant is no different from what it would have been had the legislature declared that the act should take effect at once, but postponed the period when the bar of the statute should be complete in any case to September 1, 1901. There is no question that, had the statute provided as last indicated, it would be valid if the time given is a reasonable one. Primarily the question of what is a reasonable time is one for the legislature to determine. Courts will only interfere when it is manifest that a reasonable time has not been provided, and whether it has been provided must depend upon all of the circumstances of the case. *Terry* v. *Anderson,* 95 U. S. 628, 24 L. Ed. 365; *Wheeler* v. *Jackson,* 137 U. S. 245, 11 Sup. Ct. 76, 34 L. Ed. 659; *Wilson* v. *Iseminger,* 185 U. S. 55, 22 Sup. Ct. 573, 46 L. Ed. 804. "No rule as to the length of time which will be deemed reasonable can be laid down for the government of all cases alike. Different circumstances will often require a different rule. What would be reasonable in one class of cases would be entirely unreasonable in another." *McGahey* v. *Virginia,* 135 U. S. 662, 685, 10 Sup. Ct. 972, 34 L. Ed. 304.

The time elapsing between the passage of this act and the date it became effective was five months and ten days. The circuit court of appeals for the eighth circuit, in *Lamb* v. *Powder River Livestock Company,* 132 Fed. 434, 65 C. C. A. 570, 67 L. R. A. 558, has collected the cases in which periods of limitations have been considered and held to be reasonable. These periods vary from three months to one year. The supreme court of the United States, in two cases (*Wheeler* v. *Jackson,* 137 U. S. 245, 11 Sup. Ct. 76, 34 L. Ed. 659, and *Turner* v. *New York,* 168 U. S. 90, 18 Sup. Ct. 38, 42 L. Ed. 392), has held that a limitation of six months, as applied to the cases under consideration, was not repugnant to any provision of the constitution of the United States. In *McGahey* v. *Virginia,* 135 U. S. 662, 685, 10 Sup. Ct. 972, 34 L. Ed. 304, where the legislature of Virginia sought to impose burdensome restrictions upon the holders of state bonds, a limitation of one year was declared unreasonable; and in *Lamb* v. *Powder River Livestock Co.,* where the legislature of Colorado imposed a limitation of three months upon the bringing of suits upon judgments secured outside of the state, the limitation was held unreasonable. Both of these last-cited cases involved peculiar circumstances.

In this territory, as heretofore pointed out, prior to the adoption of the statute under consideration, there was no statute of limitations upon the subject. The complaint in this action shows that the defendants have been in peaceable adverse possession of the property for twenty-four years, and illustrates the necessity for a statute which will set at rest, after some reasonable lapse of time, titles to real estate so held. The legislature, in enacting this statute, probably had in mind that during the early development of the territory, when land was of but little value, in many instances care was not exercised in the preservation of evidences of title, and now, since values have so wonderfully increased, and perhaps extensive improvements have been erected, the former owners or their heirs seek to take advantage of the negligence of their vendees. We are unable to perceive that the time given in which claimants might commence their action was, under all the circumstances, so manifestly inadequate as to require us to hold that the legislature abused its discretion. True, there may be particular or exceptional instances, and this may be

one of them, where the statute may be deemed to operate harshly; but, if the time is reasonable under the circumstances surrounding the class of cases to which it applies, the fact that it operates harshly in individual instances is not sufficient reason for holding it invalid. *Lamb* v. *Powder River Livestock Co., supra.*

Appellant calls our attention to certain observations made by us in *Crowell* v. *Davenport,* 11 Ariz. 323, 94 Pac. 1114, where we were considering the operation of an amendatory statute in the light of other statutory provisions, and in which it was suggested that the legislature has indicated a different rule of construction to be applied to new statutes of limitation from that indicated for the construction of statutes which are merely amendatory of those previously existing; but we there said that new statutes of limitation are to be given a prospective effect only, unless a contrary intent be expressed, and that is the rule we have applied in this case.

The trial court entertained the views we have herein expressed, and its judgment is affirmed.

KENT, C. J., and SLOAN and NAVE, JJ., concur.