[Civil No. 1458.   Filed June 28, 1915.]

[149 Pac. 752.]

W. H. BARTLETT, Appellant, v. GEO. A. MacDONALD, as County Treasurer and Ex-officio Tax Collector of Maricopa County, and FRANK H. LYMAN, as County Attorney of Maricopa County, Arizona, Appellees.

1. STATUTES—CONSTRUCTION—RETROACTIVE EFFECT.—Statutes will not be given a retroactive effect unless it clearly appears that the legislature so intended, and the intention is manifest, or the exigencies of the case compelling.

[As to retrospective laws, see note in 120 **Am. St. Rep.** 468.]

2. HIGHWAYS — ROAD DISTRICTS — STATUTES — AMENDMENT.— The re-enactment, in 1912 (Civ. Code 1913), of Laws of 1907, chapter 66, by which the former provisions for the organization of road districts were substantially re-enacted, and there were added thereto paragraph 5115, providing that no road district should be more than one mile in width and ten miles in length, and paragraph 5116, declaring that road districts formed under existing statutes and in conformity with the chapter were valid, did not abolish a road district theretofore legally established whose dimensions exceeded the limits prescribed by paragraph 5115.

3. HIGHWAYS—ROAD DISTRICTS—COLLATERAL ATTACK.—A taxpayer cannot collaterally attack the legality of a road district in a suit to enjoin the collection of taxes by it.

APPEAL from a judgment of the Superior Court of the County of Maricopa.   R. C. Stanford, Judge.   Affirmed.

Mr. O. E. Schupp, for Appellant.

Mr. F. H. Lyman, County Attorney, and Messrs. Kibbey, Bennett & Bennett, for Appellees.

ROSS, C. J.—This is an appeal from an order and judgment sustaining a demurrer to plaintiff's complaint praying an injunction restraining defendant, MacDonald, as treasurer and *ex-officio* tax collector, from collecting certain taxes levied for the year 1914 against his property for the construction and maintenance of the public highways in road district No. 3 of Maricopa county.   This road district was organized in 1909 under the provisions of chapter 66 of the Laws of Ari-

zona of 1907, and included in its territory an area about 8 miles wide by 13 miles in length.

In 1912, chapter 66, *supra,* was re-enacted with immaterial changes of verbiage, but added two paragraphs, as follows:

"5115. No road district shall be more than ten miles in length nor more than one mile in width.

"5116. The provisions of this chapter so far as they are substantially the same as existing statutes, shall be construed as continuations thereof, and not as new enactments; and all road districts heretofore formed under existing statutes and in conformity with this chapter are hereby declared valid and continued in existence under this chapter; and all bonds of such road districts legally issued under existing statutes shall be unaffected by this chapter."

It is the contention of appellant that paragraph 5115 had the force and effect of dissolving or abrogating road district No. 3, so that it no longer exists, and that therefore the tax levy is authorized by no law, and its collection should be restrained.

It is a well-grounded and settled rule that statutes will not be given a retroactive effect unless it clearly appears that the legislature so intended, and even then the intention must be manifest or the exigencies of the case compelling. When not otherwise indicated, the fair and reasonable assumption is that the intention of the lawmaker was that the statute should be prospective.

As was said in *Southwestern Coal Co.* v. *McBride,* 185 U. S. 499, 503, 46 L. Ed. 1010, 22 Sup. Ct. Rep. 763:

"The function of the legislature is to prescribe rules to operate upon the actions and rights of citizens in the future. While, in the absence of a constitutional inhibition, the legislature may give to some of its acts a retrospective operation, the intention to do so must be clearly expressed, or necessarily implied from what is expressed."

The dimensions of a road district as prescribed in paragraph 5115 are much less than the dimensions of road district No. 3, but the boundaries of district No. 3 were in accordance with the law at the time of its organization. It is quite clear that the legislature intended by the language of paragraph 5115 that no more road districts should be organized with dimensions greater than ten miles in length and one mile in

width, but it is far from being evident that it was intended
to abolish districts theretofore organized with areas in excess
of that prescribed. We think the contrary intention is mani-
fest by the next paragraph, 5116. Therein, by express lan-
guage, it is said:

"All road districts heretofore formed under existing stat-
utes and in conformity with this chapter are hereby declared
valid and continued in existence under this chapter."

The condition of the preservation of a road district is not,
as we view it, that it must have conformed in boundaries to
the new law, but that the steps taken in its organization must
have been in conformity with the new law, which is to all
intents and purposes the same as the old law. The method
or procedure of organizing a road district is practically the
same under both, and, of course, it was not the purpose or
intention of the legislature to validate a road district that
was not organized in conformity to any law. The old law
did not limit the boundaries of road districts, and we cannot,
any more than the legislature could, assume that any of the
districts theretofore organized were no longer than ten miles
nor wider than one mile. If the fact should be that all road
districts theretofore organized violated the new law in width
or length, and we should hold, as we are asked to do, that
paragraph 5115 is retroactive, and that the saving feature of
paragraph 5116 is limited to such districts as conform in
dimensions with the new statute, then it would follow that
all road districts were abolished when the last act took effect.
We will not ascribe to the legislative act a result so unreason-
able and absurd. We think the fair and reasonable import
of the language used by the legislature is that all road dis-
tricts theretofore legally organized should be continued as
valid.

The validity of the tax sought to be restrained depends,
according to the appellant's complaint, solely upon the exist-
ence of road district No. 3. His contention is that it is non-
existent, and that the tax is therefore invalid. The real ques-
tion we are asked to decide is, then, whether there is any such
*quasi* municipal corporation as road district No. 3. The ex-
istence of the corporation is brought into question collaterally
by a private individual. As a general proposition, this is
not permissible. · Municipal and *quasi* municipal corporations

are agencies, in the exercise of their public functions, of the state.  28 Cyc. 174, says:

"The general rule is that, so long as the state does not see fit to forfeit the charter of a *de facto* municipality, or to oust it from the exercise of corporate powers, its existence is not subject to collateral attack at the private suit of any person. Suit by owners of property to enjoin the collection of taxes, or to recover taxes paid under protest, or to remove a tax cloud from the title, or to replevin or recover for the conversion of personalty distrained for taxes, or defenses in an action by the municipality, cannot be maintained on the ground of defect of incorporation or organization, unless such defect is so fatal as to render the incorporation absolutely void."

The existence of a corporation organized under a law afterward declared unconstitutional cannot, in a proceeding by it for the collection of a tax, be questioned by the taxpayer. For reasons of public policy, it will be permitted to do those things for which it was created, until the creator by proper direct proceedings challenges its right to exist.

The authorities sustaining this proposition are abundant, and may be found collated under the following cases: *Topeka* v. *Dwyer,* 70 Kan. 244, 3 Ann. Cas. 239, 78 Pac. 417; *School Dist. No. 2103* v. *Board of County Commrs.,* 15 Wyo. 73, 11 Ann. Cas. 1058, 86 Pac. 24; *People* v. *Ellis,* 253 Ill. 369, Ann. Cas. 1913A, 589, 97 N. E. 697; McQuillin on Municipal Corporations, secs. 158, 159.

The judgment is affirmed and case remanded.

FRANKLIN and CUNNINGHAM, JJ., concur.