[Civil No. 3573. Filed October 14, 1935.]

[50 Pac. (2d) 573.]

CHARLES M. GIETZ, County Treasurer and Ex-officio Tax Collector of Graham County, Arizona, Appellant, v. OLLA WEBSTER, Appellee.

Mr. Benjamin Blake, County Attorney, Graham County, for Appellant.

Mr. J. Verne Pace, for Appellee.

LOCKWOOD, C. J.—This is an appeal by Chas. M. Gietz, as county treasurer of Graham county, hereinafter called defendant, from an order of the superior court of that county granting a peremptory writ of *mandamus* against him. The facts of the case are nowise in dispute, the question being as to the law applicable to these facts, and they may be stated as follows:

In the years 1923, 1924 and 1925, O. F. Webster and Olla Webster, the latter being hereinafter called the plaintiff, were husband and wife and the owners of certain real and personal property in Graham county. All the property was presumably community in its nature, but was assessed in the name of O. F. Webster. The taxes on both the real and personal property became delinquent for the three years and in August, 1927, a judgment was obtained in the superior court against O. F. Webster for the delinquent taxes as aforesaid. The 1923 taxes included in the judgment were paid in 1928, leaving the 1924 and 1925 taxes still unpaid. The judgment was renewed in accordance with law in 1932, and still remains un-

satisfied as far as the taxes on the property for the years 1924 and 1925 are concerned.

In 1933 O. F. Webster died intestate, the title to the real estate involved in this action, which is part of that against which the taxes aforesaid had been levied for 1924 and 1925, being still in him. After his death, each of his other heirs conveyed all their interest in that real estate to plaintiff. On the 9th day of January, 1934, she filed a written declaration of homestead under sections 1731, 1732, Revised Code 1928, covering the land, and on the 14th of March, 1934, on a petition of the administrator, the same property was set aside as a homestead under section 3974, Revised Code 1928. Thereafter plaintiff requested defendant to segregate the delinquent taxes on such real estate for the years 1924 and 1925, included in the judgment aforesaid, from those on the personal property for the same years, and tendered to the defendant the amount which represented the taxes against such real estate only, asking that he release it from the lien of the personal property taxes. The defendant refused to make any such segregation, or to accept the tender as aforesaid without payment of the total amount of taxes covered by the judgment, including the taxes assessed against the personal property. Thereafter this suit was brought and the superior court finally ordered that a writ of *mandamus* issue as follows:

" . . . Requiring the defendant to promptly segregate the amount of taxes due and payable against the property of the plaintiff covered by said homestead, from any and all other taxes and from the personal property tax of O. F. Webster, deceased, and requiring defendant, upon tender of payment by plaintiff of the real estate taxes, chargeable against said homestead, accept the same and issue to plaintiff a good and sufficient receipt, showing the taxes on

said homestead to have been paid in full, and that there are no claims, liens and encumbrances on said premises on account of any taxes represented by the tax judgment against O. F. Webster, deceased, mentioned in plaintiff's Petition for Writ of Mandamus, against said homestead.''

From such order, this appeal was taken.

There are four assignments of error which raise, in effect, three questions of law, two going to matters of practice and the third to the merits of the case. We think it can be decided on its merits rather than on the questions of practice involved, and, in view of its importance as a precedent, believe that it should be. We therefore consider only the question which involves the merits of the action. It may be briefly stated thus:

''Is land to which a lien for taxes on personal property has already attached freed from the lien of such taxes by virtue of a declaration of homestead made long after the attachment of the lien?''

So far as we have been advised, there are no cases, either in this state or in any other, in which the precise question at issue has been presented, presumably because there is no other state having statutes on the subject similar to ours, and the rights and liabilities of the parties must be governed solely by an interpretation of the statutes and Constitution of our own state. We are compelled, therefore, to consider and determine the question upon general principles governing taxation and the proper construction of our statutes.

The claim of plaintiff is, in substance, that the property involved is by statute exempt from any tax lien except that for the taxes levied against the particular property. Although the taxes involved were levied before the adoption of the Code of 1928, we consider the sections of that Code covering the subject, since its

provisions and those of the Code of 1913, so far as the questions involved herein are concerned, are similar in legal effect, though differing slightly in language. (*Re Estate of Sullivan*, 38 Ariz. 387, 300 Pac. 193.) The particular sections, a construction of which is necessary for the purpose of this case, are sections 1731, 1733, 3101 and 3974, Revised Code 1928, which read in substance as follows:

"§ 1731. *Who may hold; extent and value.* Every person who is the head of a family, and whose family resides within this state, may hold as a homestead, exempt from attachment, execution and forced sale, real property to be selected by him, or her, which homestead shall be in one compact body, not exceeding four thousand dollars in value, and consisting of the dwelling house in which the claimant resides and the land on which the same is situated, or of land that the claimant shall designate, provided the same is in one compact body."

"§ 1733. *Exempt from time of filing.* The homestead shall, from the date of recording the claim, be exempt from attachment, execution and forced sale, and from sale under any judgment or lien existing prior to the recording of such claim, except a mortgage executed by the husband and wife, if the claimant be married, or by the claimant if unmarried, and except a lien for labor or material that has attached before such land was claimed as a homestead. No such sale made after the recording of the claim of homestead shall be valid or convey any interest in such homestead, whether made under a judgment existing before or after the recording of such claim."

"§ 3974. *Setting apart homestead.* After the return of the inventory, the court may on its own motion, or on petition therefor shall set apart for the use of the surviving husband or wife, or, in case of his or her death, to the minor children of the decedent, all the property exempt from execution, including the homestead, selected, designated, and recorded, if such homestead was selected from the community

property, or from the separate property, of the persons selecting or joining in the selection of the same. If none has been selected, designated, and recorded, or, if the homestead was selected by the survivor out of the separate property of the decedent, the decedent not having joined therein, the court shall select, designate, and set apart, and cause to be recorded, a homestead for the use of the surviving husband or wife, and the minor children, or if there be no surviving husband or wife, then for the use of the minor children, out of the community property, or if there be no community property, then out of the property of the decedent.''

''§ 3101. *Lien for taxes; liability of property; homesteads excepted.* Every tax levied under the authority of this chapter upon real or personal property shall be a lien upon all of the property assessed in the name of the particular taxpayer owning or controlling the same. The lien shall attach on the first Monday in January in each year, and shall not be satisfied or removed until such taxes, penalties, charges and interest are all paid, or the property has finally vested in a purchaser under a sale for taxes. The lien shall be prior and superior to all other liens and encumbrances upon all of the property contained in the assessment. Any and all of the property shall be liable for the whole of the tax, and a judgment against real property for non-payment of taxes thereon or on the personal property of the same person, shall not be avoided by showing that the owner thereof was possessed of personal property out of which the taxes could have been made; but real estate occupied as a homestead shall not be charged for taxes other than the taxes due on such homestead.''

 It is the position of plaintiff (a) that the homestead given her under either section 1731 or section 3974 is exempt from the tax lien of the personal property taxes above referred to by the provisions of section 1733; (b) that it is also exempt by provisions of the last clause of section 3101, *supra,* which reads as follows:

"But real estate occupied as a homestead shall not be charged for taxes other than the taxes due on such homestead."

In interpreting these sections, there are four canons of construction which seem to us to be applicable, and they may be stated as follows: First, the sections must be considered together and not separately. Second, statutes granting exemption from taxation are to be strictly construed and every intendment is against the exemption and in favor of the rights of the state. Third, statutes are presumed to have a prospective and not a retroactive effect. Fourth, when there are two possible constructions of a statute that one should be adopted which will best carry out the apparent purpose of the legislature and be in harmony with the general public policy of the state. These abstract canons of construction are so axiomatic that they need no citation of authorities to sustain them. It is only in their application that any difference of opinion could arise.

■ So far as plaintiff's contention that section 1733, *supra,* releases the homestead from the lien of the taxes in question is concerned, we think it is untenable. She herself admits that it does not exempt the homestead from taxes which have been levied against it, and yet if we are to apply its language literally, the property cannot be sold for taxes levied directly against it any more than it can be sold for taxes levied against other property. If one tax lien is prohibited by the terms of the section, so is the other. Such a construction would create a general tax exemption, contrary to the provisions of section 2, article 9, of the State Constitution. We think the exemption from liens and forced sales given by section 1733, *supra,* applies only to private debts and

liens, and not to those arising from the taxing power of the state.

 A proper determination of the question raised by section 3101, *supra*, is of greater difficulty. This section first provides expressly that every tax levied upon either real or personal property shall be a lien on all the property assessed in the name of the particular taxpayer. The lien is declared to attach on the first Monday in January of each year, and it is stated that it is superior to all other liens; that it shall not be removed until all of the taxes are paid; and that a judgment against real property for the nonpayment of personal property taxes may not be avoided by showing that the taxes could have been paid out of the personal property. Were this all of the section, it would, of course, be evident that it was an explicit, emphatic denial of the position of plaintiff and an affirmance of that of defendant. The section, however, concludes with the following language:

"But real estate occupied as a homestead shall not be charged for taxes other than the taxes due on such homestead."

Property is "charged" with taxes either when the lien thereof attaches, under our statutes the first day of January of the year when they are levied, or if not then, certainly not later than the time they are levied and payable, being in the fall of that year. So far as homesteads existing before the tax lien attaches are concerned, they are by the language of the statute exempt from any lien except for their own taxes. But if the homestead does not exist when the annual tax is levied, and indeed may never be created, it would be an absurdity to say that in spite of the explicit language of the statute, it is and must be uncertain whether or not the lien exists at all until after the property is actually sold to satisfy a lien *whose*

*very existence is doubtful.* Certainly it must be admitted that if at the time of the levy no homestead exists, the lien for the entire tax, real and personal, has by the terms of the statute *attached* to the land.

But, it may be said, the lien may indeed have *attached* before the homestead has been set aside, but the creation of the homestead automatically *releases* it. The answer is that section 3101, *supra,* does not purport to *release* a lien which has once attached, but to prevent the creation of the lien under certain circumstances. A careful comparison of the language of the various provisions of the section and of the effect of the different constructions thereof suggested to us satisfies us that the legislature therein was dealing with the situation as it existed at the time the tax lien attached, to wit, on the first Monday in January of each year in which taxes were levied, and not with a situation which might exist at a·time greatly subsequent thereto. We are the more convinced of this when we consider the many evasions of taxation which might occur under the construction of the statute urged by plaintiff. Suppose, for example, A to be the owner of real estate just under $4,000 in value, and also the owner of $10,000 worth of personal property. The real estate is obviously worth much more than the taxes for the current year on both the personal and real property could possibly amount to. Under such circumstances, by virtue of section 3091, Revised Code 1928, the owner is not required to pay the personal taxes immediately, but may wait until November of that year before his taxes become delinquent and any action can be taken by the state for their collection. In the interim, he may sell all of the personal property, so that it may be removed beyond the bounds of the state free of the tax lien; may then declare a homestead on his land at any time before it

is actually sold for the taxes, and the state has lost the taxes on the $10,000 worth of personal property. That the legislature intended to permit the possibility of any such situation arising seems to us to be an absurdity. We are of the opinion that the reasonable construction of section 3101, *supra,* is that the exemption from the general rule in regard to tax liens contained in the last clause of the section applies only to homesteads as they exist at the time the tax lien attaches to property, and that a homestead declared after such lien has once attached is subject to all tax liens which have already attached thereto.

For the foregoing reasons, the judgment of the superior court of Graham county is reversed and the case remanded with instructions to render judgment for the defendant.

McALISTER and ROSS, JJ., concur.