231 P.2d 956

**STAMATIS et al. v. JOHNSON et ux.**

No. 5227.

Supreme Court of Arizona.

May 28, 1951.

Kramer, Morrison, Roche & Perry, of Phoenix, for appellants Milton Stamatis and Chresanthe Stamatis.

Warren L. McCarthy, County Atty. and Anthony O. Jones, Deputy County Atty., Phoenix, for appellant, Maricopa County.

Cunningham, Carson, Messinger & Carson, of Phoenix, for appellees.

PER CURIAM.

A motion for rehearing was granted in this case on the grounds that the court should, under its broad equitable powers, modify or amend its opinion for the benefit of the public by eliminating the hazard and unsightliness of an open irrigation ditch in the center of a dedicated street through Milton Groves subdivision.

Subsequent to our decision and while motion for rehearing was pending, offers and counter offers of settlement between the parties were made. Those efforts were in vain. One of the alternative propositions to alleviate the situation was made in writing by defendants Stamatis to plaintiffs Johnson, to wit: "4. Restoration of the ditch to its original location, but use 14" tile, installed at my expense, and covered to a depth of 18" or more. In this connection, I enclose copy of a letter from Hooper Concrete Pipe Company, which gives assurance that such installation would be satisfactory. Such tile could be installed at a cost of about $1.70 per foot, or somewhere around $2,000."

On April 9, 1951, this court entered a minute order setting forth two of the propositions submitted by defendants to plaintiffs including No. 4 above; and ordered as follows: "The appellees (plaintiffs Johnson) are given five (5) days within which to elect one of these offers, and if no election is made the opinion will be modified to incorporate therein alternative No. 4, supra."

■ Plaintiffs Johnson having failed to make such an election, this court has considered the matter and concludes that under its broad, equitable powers the court should permit appellants to tile the ditch on its original location in accordance with their offer. To permit appellants to tile the ditch will not unduly impinge upon appellees' easement nor even inconvenience them in their full enjoyment of the use for which it was acquired and for which it exists, as recognized and declared in our former opinion.

A covered tile installation will not interfere with appellees' property rights but will have the effect of conferring a benefit upon appellees. Where full recognition can be given to their property rights, then it would seem sensible to permit this capital improvement which will confer benefits not only upon the parties but the public as well.

■ Relying upon appellants' offer, the trial court is directed to modify the judgment by ordering defendants Stamatis to install the tile conduit on the original location, in accordance with the terms and

conditions of the offer, within such time as the court shall fix. Upon completion of such installation, defendants will be relieved of all obligations in connection therewith and the burden of maintaining same will rest with plaintiffs Johnson, the owners of the easement.

To the extent indicated, the judgment is modified, and as so modified is affirmed.

UDALL, C. J., and STANFORD, LA PRADE, and DE CONCINI, JJ., and J. W. FAULKNER, Superior Court Judge, concur.

PHELPS, J., being disqualified, the Honorable J. W. FAULKNER, Judge of the Superior Court of Mohave County, was called to sit in his stead.