408 P.2d 20

Herbert F. KRUCKER, Petitioner,

v.

Samuel P. GODDARD, Jr., as Governor of the State of Arizona, Respondent.

No. 8652.

Supreme Court of Arizona.

En Banc.

Nov. 24, 1965.

Rehearing Denied Dec. 21, 1965.

Lesher, Scruggs, Rucker, Kimble & Lindamood, by Edward W. Scruggs, Tucson, for petitioner.

Darrell F. Smith, Atty. Gen., and Philip M. Haggerty, Asst. Atty. Gen., Phoenix, for respondent.

Nancy Krieg Skomp and Michael L. Rubin, Phoenix, for amicus curiae, Henry S. Stevens, James Duke Cameron, and Francis J. Donofrio.

UDALL, Justice.

Herbert F. Krucker, hereinafter called petitioner, brought an original proceeding for a writ of mandamus in this Court to compel Samuel P. Goddard, Jr., Governor of the State of Arizona, hereinafter called respondent, to transmit petitioner's application to the State Treasurer for certification and payment. Petitioner's application would permit the withdrawal of four-fifths of the amount contributed by petitioner to the judges' retirement fund. The original jurisdiction for the issuance of the writ of mandamus by this Court is embodied in Art. 6, § 5, Cl. 1, as amended, of the Constitution of the State of Arizona, A.R.S.

Since January 4, 1965, petitioner has been a judge of the Court of Appeals of the judiciary of Arizona. Prior to assuming the duties of the Court of Appeals, petitioner was judge of the Superior Court of the State of Arizona, in and for the County of Pima, from April 24, 1954, to and including December 28, 1964. There was, therefore, a period of six (6) days between December 28, 1964, and January 4, 1965, during which time petitioner did not hold public employment as a judge. There was deducted from the salary of petitioner during the time he was a Superior Court judge the amount of $7,332.12 as his contribution to the judicial retirement fund pursuant to A.R.S. § 38–804, as amended. Petitioner contends he is entitled to have four-fifths of the foregoing sum or $5,865.-70 refunded to him pursuant to A.R.S. § 38–804 (1956), as amended.

On February 25, 1965 petitioner filed with respondent an application for refund supported by affidavit establishing the termination of his services as judge of the Superior Court of the State of Arizona, and the amount contributed by him to the retirement fund. Respondent did not trans-

mit petitioner's application to the State Treasurer for certification and payment, and petitioner filed a petition for writ of mandamus on April 21, 1965 to require respondent to transmit the refund application to the State Treasurer according to statute.

When petitioner filed the refund application, the position of judge of the Court of Appeals of Arizona was not included in the judicial retirement system. Subsequently, the legislature enacted a statute which incorporated the judges of the Court of Appeals in the judicial retirement system. This statute was effective on April 19, 1965, as it contained an emergency provision, and there was, also, an attempt to give the statute retroactive effect. The 1965 Session Laws, Chapter 91, § 4, provides as follows:

> "Effective Date of Deductions. The deductions from the salary of the judges of the court of appeals, as provided in section 38–804, subsection A, paragraph 2, shall commence on January 4, 1965."

■ It is a well-grounded and settled rule of law that statutes will not be given retroactive effect unless it clearly appears the legislature so intended. See, e. g., Gallo v. Industrial Commission, 83 Ariz. 392, 322 P.2d 372 (1958); Rodriquez v. Terry, 79 Ariz. 348, 290 P.2d 248 (1955); Employment Security Commission of Arizona v. Arizona Citrus Growers, 61 Ariz. 96, 144 P. 2d 682 (1944); Gietz v. Webster, 46 Ariz. 261, 50 P.2d 573 (1935); Bartlett v. Mac-Donald, 17 Ariz. 194, 149 P. 752 (1915); Cummings v. Rosenberg, 12 Ariz. 327, 100 P. 810 (1909). A.R.S. § 1–244 (1956) states: "No statute is retroactive unless expressly declared therein." The 1965 Session Laws, Chapter 91, § 4, supra indicates the legislature intended to make the statute apply retrospectively, and this was a valid exercise of legislative power provided there is no legal reason the statute cannot so apply.

■ The legislature attempted, by a curative statute, to make the judicial retirement system apply to the judges of the Court of Appeals. We said in Ferguson v. Superior Court, 76 Ariz. 31, 258 P.2d 421 (1953): "the legislature may enact retrospective legislation affecting only remedies or proceedings for the enforcement of existing rights, when it does not disturb vested rights." If petitioner had a vested right in his contributions to the judicial retirement system, the retroactive statute could not deprive him of the right to withdraw these contributions. We think it is plain that on February 25, 1965, and at all times subsequent thereto petitioner had fulfilled every condition precedent to having his contributions returned, and had a vested right at that time which the subsequent statute could not affect.

■ The conditions for having contributions to the judicial retirement system refunded, A.R.S. § 38–804, as amended, require that: (1) the judge's services have terminated prior to his having received any retirement payments; (2) the judge or his legal representative file with the governor an application supported by affidavit establishing the termination and the amount contributed by him; and, (3) the governor transmit the application to the State Treasurer for certification and payment. Petitioner's services terminated for retirement purposes under A.R.S. § 38–804, as amended, when he resigned on December 28, 1964. The Court of Appeals was not included in the judicial retirement system when petitioner initially filed his application for refund. Petitioner made application to have four-fifths of the amount he contributed to the retirement system returned to him. When this application was made on February 25, 1965, the statutory conditions were met, and at that time the amount contributed by him had become vested. As a vested right it is one of which petitioner cannot be deprived. Art. 2, § 25, Constitution of Arizona.

■ Respondent contends the issue involved is moot as Chapter 91 of the 1965 Session Laws became effective on April 19, 1965, when it was signed by the Governor with an emergency clause. Petitioner thereafter filed his petition for mandamus on April 21, 1965. Thus, respondent argues he was under no statutory duty to transmit petitioner's application to the State Treasurer, for to do so would violate the recently enacted statute. We do not agree with respondent as petitioner filed his application for refund on February 25, 1965. On that date respondent had a present duty to perform which no subsequent legislation could affect. When respondent did not act on the refund application within a reasonable time, the petition for writ of mandamus was filed with this Court.

While it is our holding that petitioner's vested rights may not be affected by the subsequent legislation, Senate Bill · 30, Chapter 91, Laws of 1965, his future rights depend upon the intent of the legislature and his compliance therewith. A.R.S. § 38–804, subsec. C provides that when a former judge withdraws his contributions made to the retirement fund, he forfeits his retirement service but he may reinstate his former status by paying into the fund the amount he withdrew, without interest.

The legislature his obviously provided means by which a judge may reinstate his retirement status if he should later hold a judicial office subject to this retirement plan. By providing that a judge who has withdrawn his contributions may reinstate his retirement status by paying into the fund the amount withdrawn, *without interest,* the legislature has plainly indicated that the reinstatement of the retirement

status contemplated must be within a reasonable time after a judicial office which qualifies him for retirement under this act has been assumed. Were it otherwise, a judge could wait until he chose to retire, have the use of his money, without paying interest to the fund upon reinstatement, and still receive all the benefits of the act. Meanwhile the interest of the contributions of other judges would be building up the fund from which he would ultimately derive benefits.

The legislature, in making the act retroactive to the time the judges on the Court of Appeals took their oath of office provided that there would be no gap in the running of the time for retirement of those who had previously been under the retirement system. It is plain the legislature intended to give to the judges of the Court of Appeals the same benefits under the retirement act as Superior Court judges elected to the Supreme Court. Plainly it was the intent of the legislature that Court of Appeals judges would have the same responsibilities, namely, to leave their funds on deposit, and if they had withdrawn them prior to the passage of the act that they would be redeposited within a reasonable time. Failure to leave them in the fund, or redeposit them within a reasonable time,

would constitute an election to forfeit retirement status service for the period of the prior service, and future retirement would start at the date the judge took office on the Court of Appeals.

In the instant case we hold that if the petitioner withdraws his funds he will have elected to forfeit the period of his prior service and start his future retirement as of the date he assumed his present duties on the Court of Appeals.

A writ of mandamus will issue to compel a public official to perform a duty which he has no discretion but to perform. Respondent had no discretion in forwarding petitioner's application to the State Treasurer according to the statute then in effect, and his failure to perform this ministerial act requires the alternative writ of mandamus granted May 4, 1965 be made permanent. The respondent shall within 15 days after the receipt of the mandate transmit the same to the State Treasurer unless petitioner has within such time withdrawn his application in line with this decision.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and BERNSTEIN and McFARLAND, JJ., concur.