419 P.2d 510

Vernon G. HEADLEY, Appellant,

v.

Christine R. HEADLEY, Appellee.

No. 8042.

Supreme Court of Arizona.

In Banc.

Oct. 26, 1966.

**332**

Jack Cavness, Cavness, DeRose & Senner, Phoenix, for appellant.

John P. Frank, John J. Flynn, Jeremy E. Butler, Lewis, Roca, Scoville, Beauchamp & Linton, Phoenix, for appellee.

McFARLAND, Justice:

This appeal is from an order of the lower court directing appellant to sign a deed to certain property awarded to appellee by the court in a decree of divorce.

The facts show appellee filed a complaint in which she alleged the property in question was community property. The case was tried and a decree of divorce was entered on the 28th day of February, 1963. On the 23rd day of April, 1963, appellee applied for an order directing appellant to sign deeds to the property awarded to appellee in the decree of divorce. On the 7th day of June, 1963, the court signed the order directing defendant to sign the deeds. It was from this order that the appeal was taken.

It is the contention of appellant that the court was without jurisdiction to award to appellee the property set forth in paragraphs 3 and 5 of the decree. The property in paragraph 3 is described as follows:

"Lots 2 and 3, RANCHO VENTURA, according to the plat of record in the office of the Maricopa County Recorder in Book 34 of Maps, Page 10, except the West 100 feet thereof."

The property in paragraph 5, known as Parcel No. 2, was located in Yuma County and described as follows:

"The North half of Section 31, Township 4 North, Range 14 East, of the Gila and Salt River Base and Meridian."

Appellant, at the hearing on the application for an order directing appellant to sign the deeds, introduced two deeds, the first being a joint tenancy deed to appellant and his wife, appellee, dated the 8th day of February, 1956, which deed was accepted and approved by both Vernon G. Headley and Christine R. Headley, grantees. The second deed was one of joint tenancy for the property described in paragraph 5 in Yuma County to Vernon G. Headley and Christine R. Headley, his wife, dated April 15, 1960, and approved by Vernon G. Headley and Christine R. Headley. It is the contention of appellant that at the time these deeds were executed the court did not have jurisdiction in a divorce case to distribute property held by the parties in joint tenancy, and that the 1962 amendment to A.R.S. § 25–318 subsec. A is not applicable in a divorce case to property acquired before date of the amendment, which gives the court jurisdiction to distribute property held in joint tenancy with the right of survivorship. Paragraph A of A.R.S. § 25–318, reads as follows:

"A. On entering a judgment of divorce the court shall order such division of the property of the parties as to the court seems just and right, according to the rights of each of the parties and their children, without compelling either party to divest himself or herself of title to separate property, except that as to property held by the parties either as joint tenants with the right of survivorship, as tenants in common, or as tenants by the entirety, the court may in the same action, on its own initiative or on petition of either party, order division of such property, or enter an order directing partition of such property in the manner provided by title 12, chapter 8, article 7."

Prior to this amendment, this court held on March 31, 1952, in the case of Collier v. Collier, 73 Ariz. 405, 242 P.2d 537, as follows:

> "The right of husband and wife to hold property as joint tenants in derogation of our community property statutes has been recognized by this court provided it clearly appears the spouses have agreed that the property should be taken in that manner. * * *" 73 Ariz. at 411, 242 P.2d at 540.

■ We agree with appellant that this amendment did not give retrospective effect to the statute as to property vested in parties before the amendment. Garry v. Creswell, 1 Cal.2d 1, 33 P.2d 1, 92 A.L.R. 1343 (1934); Jenkins v. Jenkins, 219 Ark. 219, 242 S.W.2d 124, 27 A.L.R.2d 861 (1951). A statute will not be given retrospective effect unless it clearly appears the legislature so intended. A.R.S. § 1–244; Krucker v. Goddard, 99 Ariz. 227, 408 P.2d 20; Gallo v. Industrial Commission, 83 Ariz. 392, 322 P.2d 372; Rodriquez v. Terry, 79 Ariz. 348, 290 P.2d 248; Employment Security Commission of Arizona v. Arizona Citrus Growers, 61 Ariz. 96, 144 P.2d 682; Gietz v. Webster, 46 Ariz. 261, 50 P.2d 573; Bartlett v. MacDonald, 17 Ariz. 194, 149 P. 752; Cummings v. Rosenberg, 12 Ariz. 327, 100 P. 810.

■ The legislature may enact retrospective legislation affecting only remedies or proceedings for the enforcement of existing rights, when it does not disturb vested rights. Ferguson v. Superior Court, 76 Ariz. 31, 258 P.2d 421. In the instant case, however, both parties alleged in their pleadings that the property was community property. No appeal was taken by appellant from the judgment of the court dividing the property which both parties alleged was community property. The appeal was taken from the order of the court made subsequent to the decree which required appellant to sign deeds to the property. The parties are bound by their own pleadings and may not deny an allegation of their pleadings without first having amended the pleadings. Adams v. Bear, 87 Ariz. 288, 350 P.2d 751; Stamatis v. Johnson, 71 Ariz. 134, 224 P.2d 201, modified 72 Ariz. 158, 231 P.2d 956; Onekama Realty Co. v. Carothers, 59 Ariz. 416, 129 P.2d 918; White v. Hamilton, 38 Ariz. 256, 299 P. 124.

The question was presented for the first time in the hearing on the order to show cause why appellant should not sign the deeds. The court, during the hearing, stated:

> "THE COURT: Well, now, this decree was prepared by the parties after we thought we had everything settled more or less on agreement, didn't we?"

The appeal was from the order of the court and not from the judgment which gave the property to the parties, therefore we have no transcript of the evidence at the trial, but merely the statement of the court. The pleadings and the statement of the court indicate that the parties and the court, during the trial and until after the judgment was signed, both took the position that the property in question was community property and the division was made upon that basis. The joint tenancy deeds were introduced at the hearing on the order after trial.

The court might well have made an altogether different division had both parties not alleged in their pleadings that it was community property and, as far as the record shows, was considered community property by both the parties and the court during the trial. While separate property of either spouse acquired prior to the amendment of 1962 to A.R.S. § 25–318 is not subject to partition, where both parties allege property to be community property and ask that it be divided, the court is thereby vested with jurisdiction. This is true even where the question of whether it is community or separate property is presented in the pleadings. The findings of the court under such circumstances are valid. Allen v. Allen, 159 Cal. 197, 113 P. 160; Bowler v. Leonard, 70 Nev. 370, 269 P.2d 833.

In the instant case the question as to whether the property was community property was determined by the allegations in the pleadings of the parties. Appellant, having in his pleadings asserted that the property in paragraphs 3 and 5 was community property, and not having appealed from the judgment of the court dividing the property, cannot now attack the judgment by a position inconsistent with his pleadings.

Judgment affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and LOCKWOOD, JJ., concur.