462 P.2d 93

Walter A. GAGE, Appellant,

v.

Jean M. GAGE, Appellee.

No. 2 CA–CIV 677.

Court of Appeals of Arizona.

Division 2.

Dec. 8, 1969.

Rehearing Denied Jan. 2, 1970.

Review Denied Feb. 3, 1970.

William Gordon, and William R. Malsh, Tucson, for appellant.

Ivan R. Hawkins, Tucson, for appellee.

HOWARD, Judge.

This appeal from a final decree in divorce proceedings attacks the portions of the decree relative to disposition of property and allowance of alimony to the appellee-wife.

## DISPOSITION OF PROPERTY

The trial court's disposition of the parties' property is attacked on two grounds: (1) a "jurisdictional" defect, and (2) the inequality of the division.

The "jurisdictional" attack is directed to the award of certain real property to the wife, namely the parties' residence. The appellant-husband contends that the residence was joint tenancy property acquired before the amendment of A.R.S. § 25–318, subsec. A, hence not subject to division by the trial court in the divorce action.

We have no quarrel with appellant's argument that the separate property of the respective spouses was not subject to disposition by the divorce court. To support his claim that the subject property was separate property, he presents proof thereof in the form of an affidavit and joint tenancy deed, valid on its face. Although this "jurisdictional" question was never presented to the trial court, the appellant contends that jurisdictional questions may be presented for the first time on appeal.

■ We agree that in certain instances an appellate court will consider jurisdictional questions raised for the first time in that forum. See e.g., Ronan v. First National Bank of Arizona, 90 Ariz. 341, 367 P.2d 950 (1962); Hughes v. Industrial Commission, 69 Ariz. 193, 211 P.2d 463 (1949); City of Tucson v. Simpson, 84 Ariz. 39, 323 P.2d 689 (1958); Coulter v. Stewart, 93 Ariz. 242, 379 P.2d 910, (1963); Siler v. Superior Court, 83 Ariz. 49, 316 P.2d 296 (1957). Furthermore, *sua sponte* appellate inquiry into a trial court's jurisdiction is not inappropriate. See e.g., Riley v. County of Cochise, 10 Ariz.App. 55, 455 P.2d 1005 (1969); Riley v. County of Cochise, 10 Ariz.App. 60, 455 P.2d 1010 (1969).

■ However, notwithstanding this recognized exception to the rule foreclosing appellate consideration of questions not raised in the trial court, the scope of judicial inquiry into jurisdiction is circumscribed by the record before the court. Cobb v. Cobb, 145 W.Va. 107, 113 S.E.2d 193 (1960); Pittman v. Roberts, 122 So.2d 333 (Fla.App.1960). We therefore decline to consider matters dehors the record and confine our review to the record of the trial court.[1]

Examination of the record discloses the following. The husband's complaint alleged that "there is community and separate property belonging to the parties hereto" and the prayer for relief requested "that the court enter an appropriate order dis-

1. Although appellate courts will consider extrinsic evidence when a challenge to *appellate* jurisdiction is presented, Farmers Insurance Group v. Worth Insurance Co., 8 Ariz.App. 69, 443 P.2d 431 (1968); Grant v. Arizona Bank, 5 Ariz. App. 197, 424 P.2d 845 (1967); 5 Am. Jur.2d Appeal and Error § 925; 4 C.J.S. Appeal and Error § 211, such is not the case here.

posing of the parties' interest in separate and community property." The wife's responsive pleading denied the existence of separate property and her counterclaim alleged "that there is . community and/or joint property belonging to the parties hereto." The wife's financial statement, listing the community property of the parties, included the subject real property as community property. The only testimony bearing on the status of this property was that of the wife, elicited on cross-examination, to the effect that the residence had been purchased during coverture and had been paid for with community funds.

 There being no express findings of fact, we must assume, in order to sustain the award of the property to the wife, that the trial court found the property to be community property. Cf., King Realty, Inc. v. Grantwood Cemeteries, Inc., 4 Ariz.App. 76, 417 P.2d 710 (1966). Since both parties, by their pleadings, presented the question of the status of their property and requested division thereof, the trial court was vested with jurisdiction to make the determination. Headley v. Headley, 101 Ariz. 331, 419 P.2d 510 (1966); DeMarce v. DeMarce, 101 Ariz. 369, 419 P.2d 726 (1966); Collier v. Collier, 73 Ariz. 405, 242 P.2d 537 (1952).

 The record indicates that the property was acquired during marriage and therefore the presumption that it was community property attached. Kennedy v. Kennedy, 93 Ariz. 252, 379 P.2d 966 (1963). There was no rebutting evidence to overcome the presumption of community property. Consequently, the trial court did not err in finding the residence to be community property or in so disposing of it in the judgment. DeMarce v. DeMarce, supra. We therefore hold that the appellant's "jurisdictional" challenge fails.

 The husband attacks the trial court's division of the community property as "grossly disproportionate" in that the wife received the lion's share thereof. He concedes that our statutes do not mandate equal division [2] but urges that we adopt the California statutory requirement of equal division by judicial fiat.

In this jurisdiction we are committed to a doctrine of equitable division rather than even division, precluding appellate interference with the trial court's discretion in the absence of an abuse thereof. Nace v. Nace, 104 Ariz. 20, 448 P.2d 76 (1969), and the fact that a "Brown" decree was awarded makes no difference. Hanner v. Hanner, 95 Ariz. 191, 388 P.2d 239 (1964). This court may not, therefore, discard "equitable division" in favor of "equal division," as propounded by the appellant. See McKay v. Industrial Commission, 103 Ariz. 191, 438 P.2d 757 (1968).

We therefore confine our review of the property division to the question of whether the trial court abused its discretion, unaffected by the fact that our conclusion might have been otherwise. The wife was awarded the above-discussed real property valued at approximately $13,000.00 to $17,000.00, the household furniture and personalty located therein, and two life insurance policies having a total cash surrender value of $1,900.00. She was also awarded a 1965 Buick automobile and a savings account of the parties. The husband was awarded another savings account, a 1968 Oldsmobile automobile, a 1961 Plymouth and a 1962 Chevrolet, 606 shares of North American Finance Company stock, 183 shares of Lusk Corporation stock, and the workshop and tools located at the parties' residence. (The two bank accounts were in the amount of $9,000.00 in the wife's, and $9,950.00 in the husband's.)

The evidence discloses that the house, acquired in 1954, was fully paid for. The parties had been married in 1938 and with the exception of a brief period after marriage, the wife, who was 46 years old at

2. A.R.S. § 25-318, subsec. A provides in pertinent part: "On entering a judgment of divorce the court shall order such division of the property of the parties as to the court seems just and right, * * *."

the time of trial, had not worked. The testimony further revealed that she had no special skills but was, at the time of the trial, studying cosmetology. During the six month period prior to trial, she received only $27.00 from the husband for support and was therefore required to withdraw sums of money from the bank for living expenses. Her necessary monthly expenses, as detailed in her affidavit and which we do not find excessive, totalled $337.00 per month.

Since the home was fully paid for, the trial court apparently concluded that the wife's living expenses would be less if she continued to live there than if the house were sold and she were required to either rent or purchase other living quarters. This conclusion is reinforced by medical evidence which created doubt as to the wife's physical ability to pursue a full-time career as a beauty operator. Actually, with the exception of the home, the portions received by each spouse were substantially equivalent. We believe the circumstances justified allowing the wife to retain the home. We do not find here the "peculiar circumstances" which caused us to modify the property division in Finck v. Finck, 9 Ariz.App. 382, 452 P.2d 709 (1969), and therefore decline to interfere.

## ALIMONY AWARD

The alimony award of $50.00 per week is challenged by the appellant as excessive. The trial court's discretion in alimony matters is without cavil, Warren v. Warren, 2 Ariz.App. 206, 407 P.2d 395 (1966); Kennedy v. Kennedy, supra. The three basic criteria are: (1) The financial needs of the wife, measured by the social position into which a marriage has placed her; (2) her ability to produce income sufficient to sustain her in such status, either by her own labors or as a result of income producing property which she may own; and (3) the financial condition of the husband and his ability to make payments for her support. Porreca v. Porreca, 8 Ariz.App. 394, 446 P.2d 500 (1968).

Here the evidence establishes that the husband consistently earned an approximate annual income of $8,000.00. Although he was not employed at the time of trial, being a carpenter by trade, the trial testimony was to the effect that over the years his employment during the course of one year was spasmodic. In other words, his employment was not a steady week-to-week type employment, but was dependent upon the building needs in the community. The trial court apparently concluded that, in view of the consistent income pattern, the fact that the husband had been gainfully employed until two weeks prior to trial when he resigned a selling job, coupled with the fact that his trade afforded him potential income, the requisite "financial ability" criterion was met. The wife's needs of $337.00 per month and her inability, at the time of trial, to take care of such needs would justify an allowance of $50.00 per week, particularly in view of the fact that the parties had been married twenty-eight years. Although we agree that an alimony award which is clearly excessive and oppressive may be upset as an abuse of discretion, Tennery v. Tennery, 35 Ariz. 69, 274 P. 638 (1929); Cummings v. Lockwood, 84 Ariz. 335, 327 P.2d 1012 (1958), we cannot agree with the appellant that the facts presented demonstrate such an abuse.

Finding no merit in the grounds urged by appellant for reversal of the portions of the judgment appealed from, they are affirmed.

HATHAWAY, J., and JOHN A. McGUIRE, Superior Court Judge, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge JOHN A. McGUIRE was called to sit in his stead and participate in the determination of this decision.