474 P.2d 457

**Ruth REICH, Appellant,**

v.

**Everett C. REICH, Appellee.**

**No. 2 CA–CIV 801.**

Court of Appeals of Arizona,
Division 2.

Sept. 25, 1970.

Rehearing Denied Oct. 15, 1970.

Review Denied Dec. 1, 1970.

Russo, Cox & Dickerson, P. C., by Russell Russo, Tucson, for appellant.

Waterfall, Economidis, Falk & Caldwell, by Peter Economidis, Tucson, for appellee.

HOWARD, Chief Judge.

In this appeal the plaintiff, Ruth Reich, questions the authority of the court to dispose of property held by herself and the defendant-husband in joint tenancy with the right of survivorship. She also questions the court's denial of alimony, court costs and attorney's fees.

In the divorce proceedings before the trial court the plaintiff introduced into evidence a deed showing the land in question as being held in joint tenancy with the right of survivorship. The deed was dated prior to the 1962 amendment of A.R.S. § 25–318 which permits the court to dispose of such property in a divorce action. Property acquired prior to the amendment is not affected. Headley v. Headley, 101 Ariz. 331, 419 P.2d 510 (1966). Plaintiff contends that the introduction of the deed in evidence was merely for information

purposes and it was never her intention to have the court dispose of this property. The record belies this contention. In her pleadings she sets forth that the property is owned by herself and her husband; her affidavit in support of an order to show cause refers to the property as being community and in her deposition admitted into evidence she maintained the property to be community. At the trial she testified that she could live in the house on the property and the husband could still run the business located thereon. At the trial an appraisal witness testified in her behalf as to the value of the property. At the trial the defendant treated the property as community. The position of the trial court at the motion for a new trial illuminates the record; as found in appellee's brief at page nine:

"'THE COURT: Gentlemen, so there is no misunderstanding, it's my understanding throughout this case, the case was tried to me on the theory that all property was to be divided by the Court, mainly—of course, it was evidenced to all parties it was a very tense situation and to avoid any sort of partitioning of this Benson Highway property, I was under the understanding that this was all submitted to me for division. Otherwise, I couldn't see any sense in having all the appraisers put on, having all the testimony whether or not the house could be split separate from the car lot, all that testimony, in fact, the entire case as I understood it was tried to me on the theory that this was all to be divided, that it was community property with the exception of those certain items that were pointed out and argued as separate property. Certainly that was the theory on which the Court went and that was the theory of my judgment in this case, but I'll certainly read your case as submitted.

"'This is the first time—certainly that would have been the easy way out if you wanted me to say that that is joint tenancy and I didn't have to worry about 3502 Benson Highway property, why, I think any Court would have jumped at the easy way out in this case and, frankly, wasn't the way the case, at least to my thinking, the way I was looking at it and the way it was presented to me, that wasn't the way the case was tried but I'll certainly read your case theories and I want to study, certainly, the Heagley [sic] case and all the other cases cited and I'll prepare a formal judgment with any modifications that appears I should have in view of the arguments presented today.' "

While separate property of either spouse acquired prior to the amendment of 1962 to A.R.S. § 25–318 is not subject to partition, where, as here, both parties ask that it be divided, the court is thereby vested with jurisdiction, Headley v. Headley, supra; Gage v. Gage, 11 Ariz.App. 76, 462 P.2d 93 (1969).

Plaintiff also claims that the court erred in not awarding her attorney's fees, court costs and alimony. The allowance of attorney's fees and costs is discretionary with the court. Davis v. Davis, 9 Ariz.App. 49, 449 P.2d 66 (1969). The purpose of the allowance is to insure that the wife may have proper means to litigate the divorce action. Considering that the court awarded $80,000.00 worth of cash assets to the plaintiff, it did not abuse its discretion in failing to award attorney's fees and court costs.

The husband should not be required to pay alimony unless the court finds it is necessary for the support and maintenance of his wife. DeMarce v. DeMarce, 101 Ariz. 369, 419 P.2d 726 (1966). The parties have been married eleven years and they have no children. The plaintiff is forty-eight years of age and in good health. She had prior secretarial experience. The court awarded her property of a value of at least $100,000.00. No discretion was abused in failing to award alimony.

Affirmed.

KRUCKER and HATHAWAY, JJ., concur.