DANIEL W. WEBB v. PATRICK J. DOWNES.[1]

December 16, 1904.

Nos. 14,088—(64).

**Sale by Warehouseman—Invalid Enactment.**

In an action for conversion against a warehouseman who sold two lots of household goods of similar character to satisfy claims for storage and notes for which they were pledged, it was objected to the course pursued by the bailee in making the sale that proper notice thereof had not been given, while it appeared that at the time of the sale the owner of the property was present, and made no objection to the manner in which such sale was conducted. *Held:*

1. That section 8, c. 149, p. 322, Laws 1895, which provides that no sale can be made of personal property stored with the warehouseman to satis-

fy his lien except by a person who has obtained the license within thirty days after the passage of that act, is invalid, under sections 33, 34, art. 4, of the state constitution.

2. That the property sold, including some carpenters' tools, a violin, with other articles of domestic use, were properly described in the notice as household goods.

3. That the plaintiff, having attended the sale, and making no objection to the manner in which it was conducted, cannot support his action for conversion upon the ground that each article was not sold separately, but was disposed of in bulk, in the absence of any showing that he was prejudiced, or undue advantage taken of his rights.

4. Other alleged errors in conducting the sale examined, and *held* not to be material, and insufficient to authorize a recovery.

Appeal by plaintiff from an order of the district court for Hennepin county, Harrison, J., denying a motion for a new trial. Affirmed.

*Charles G. Van Wert* and *George S. Grimes,* for appellant.

*Keith, Evans, Thompson & Fairchild,* for respondent.

LOVELY, J.

This was an action for the conversion of furniture and household goods. It was· tried to the court and a jury. At the close of the evidence, upon motion of defendant a verdict was directed in his favor. There was a motion for a new trial upon the evidence, which was denied. From this order plaintiff appeals.

In April, 1900, plaintiff stored in defendant's warehouse furniture and household goods, for which, under agreement, he was to pay storage charges of three dollars per month. In August of the same year he stored another lot of goods of the same character, for which he agreed to pay the same storage rate. The goods were insured by the defendant at plaintiff's request. In September of the same year, while the goods were thus stored, plaintiff gave a note to defendant for a loan of $27, and, needing more money a few days later, obtained another loan and gave a note for $16. As security for these loans, plaintiff indorsed to the defendant the warehouse receipts on the second lot of goods. This was the condition of affairs until August, 1901. Nothing had ever been paid as storage nor upon the notes. Defendant then gave notice that he would proceed to foreclose his liens by sale

of the property. He advertised the sale for three weeks in a newspaper published in Minneapolis, claiming $98 due on the goods as liens, and the goods were sold on August 27, 1901, by the sheriff of the county, and were struck off to Mrs. Mattie Webb, who had been the wife of plaintiff, for $190; that being the highest price bid. Plaintiff had actual knowledge of the sale, and while the notice was being published brought several prospective purchasers to the warehouse to look at them. At plaintiff's request the goods were taken out of the rooms where they had been packed, and spread upon three floors, where they could be seen and examined. Plaintiff was present at the sale, offered no objection or criticism to the manner in which it was conducted, but appeared to be satisfied with the same until two years afterwards, when he brought this action.

It is claimed by the plaintiff that the provisions of chapter 149, p. 320, Laws 1895, were not complied with, for the reason that the sale was not conducted by a person authorized or licensed under that act. The court, in its direction for a verdict, disregarded the failure of the defendant to comply with the terms of this act, and, we think, properly. As stated by Justice MITCHELL in State v. Chicago, M. & St. P. Ry. Co., 68 Minn. 381, 71 N. W. 400: "The act is certainly a remarkable one. Its provisions contain strong intrinsic evidence that the real purpose of it was not the protection of the public by regulating public warehousemen or by adopting reasonable regulations for the preservation of unclaimed property in the hands of common carriers, but to subserve the interests of a certain class of warehousemen."

While the court did not directly pass upon the constitutionality of the requirement for obtaining license which is here directly involved, yet it manifestly appears by the terms of such act that the license therein provided for, to be obtained within thirty days after its passage, makes it unlawful for any person or corporation not licensed to conduct or carry on the business of a storage company or warehouseman in the state. It is difficult to find a more obnoxious instance of class legislation prohibited by sections 33, 34, article 4, of the constitution. The warehousemen who might be fortunate enough within the thirty days to obtain the license provided for could conduct their sales, but all others during the continuance of the law would be excluded from that privilege. The law has been generally disregarded by the warehouse-

men of the state, and we are very clear that the court did not err in declining to give it any effect in the case at bar.

The sale in this case was conducted under the provisions of chapter 199, p. 312, Laws 1889, which was then in force, and the plaintiff attacks the published notice of sale upon the ground that it does not describe a part of the property.

The description in the published notice did not name specifically the articles, but designated the property as "household goods"; and, while a large portion of the goods consisted of furniture and bedding, there were some tools, books, a violin, wearing apparel, and it is suggested that this description was imperfect. We think it was sufficient, although general in terms. The articles enumerated were such as, in the course of life, are often found in domestic use, and a part of the properties and adjuncts of family enjoyment and convenience. Tools are kept for repairs by the head of the family; a violin, while not used by every one, is quite often employed for musical diversion, and the description accords with the usual, general, popular understanding. Bouvier defines "household goods" in a will as domestic articles of a permanent nature, such as are used or otherwise acquired for the house. Clearly, "household goods" is a wider term than "furniture," including everything about the house that is usually held and enjoyed therewith, and that tends to the comfort and accommodation of the household. We do not think, either, that in the description of the property the published list was required to state every separate article. The statute provides that a notice of sale at public auction should be published for three weeks, and a description that would be necessary to call attention of persons desiring to examine the property; and if the notice would, as it did in this case, give general information of the character of the property, it was sufficient.

The plaintiff attacks the sale upon the further ground that the two lots were sold in bulk. The evidence in this case tends to show that the goods were spread out on the three floors of the warehouse, although the sale was made on the first floor. But it appears that the plaintiff was present at the sale, and that the goods were offered as a whole; nor does it appear that any injury was done, nor that plaintiff requested that any particular article be sold separately, nor made objection to the course pursued; nor is there anything to indicate that

any undue advantage was taken, and he must be held to have waived irregularities, if any, in this respect. Freeman, Exn. § 307; Reynolds v. Tenant, 51 Ark. 84, 9 S. W. 857; Jones Chat. Mort. § 796; Desany v. Thorp, 70 Vt. 31, 39 Atl. 309.

The true rule with reference to a sale of this character, where the person making it is authorized, and the owner of the goods is present, is that it is voidable only, subject to be set aside by the court on seasonable application. Lamberton v. Merchants Nat. Bank of Winona, 24 Minn. 281; Willard v. Finnegan, 42 Minn. 476, 44 N. W. 985. While these cases apply distinctively to sales under real estate mortgages, where several tracts are required to be offered and sold separately, yet the reason for the rule in the sale of personal property, or sold to satisfy a pledge, is not distinguishable in respect to facts that constitute a waiver of the objector's right when an attack is made upon the same, of which the objector has knowledge, and in which he participated; and for the same reason objections to the amount received by the warehouseman at the sale are not tenable.

It appears that the goods were sold not only to satisfy the pledge of the warehouseman, but his charges, and to satisfy also pledges to secure the payment of the notes; and it is sufficient to say with reference to this matter that, the warehouseman having liens for storage, and the right to sell, and having complied with his statutory duty, it was only reasonable for him to secure for the benefit of the owner of the property all that could be obtained to satisfy not only all charges, but for the valid liens under the pledges he held.

The plaintiff, in his reply brief, for the first time insists that, giving full force to a statement of the evidence of plaintiff that he received certain sums on the notes, by the face of the notes usury was evidently exacted and received. There was no suggestion of this character previous to the filing of such reply brief, and it does not seem to have been considered by the parties at the trial, nor by the trial court, nor in the plaintiff's and defendant's brief in chief, and we do not, for that reason, consider it our duty to give any weight to this claim at this time.

The order of the trial court is affirmed.