SHIRLEY CUMMINGS, appellee, v. RAY A. CUMMINGS, appellant.

No. 49149.

(Reported in 82 N.W.2d 676)

MAY 7, 1957.

Bradshaw, Fowler, Proctor & Fairgrave, of Des Moines, and McNeil & Bonham, of Montezuma, for appellant.

Herrick & Langdon, of Des Moines, for appellee.

WENNERSTRUM, J.—The defendant-husband in a previous divorce proceeding filed an application for modification of the original decree relative to his rights of visitation with his children. As a part of this action the plaintiff-wife likewise sought modification of the decree and by reason of the granting of her application this appeal has resulted. The modified decree provided for: an increase of child support by the defendant from $250 to $350 per month; the payment of $4500, with interest, to the plaintiff by reason of an oversight or error in the original decree regarding the total amount due on a mortgage on the residence property originally held by the now divorced parties; the requirement the defendant pay a store account of $1385.48, which was not mentioned in the original decree; the further requirement Federal income-tax deficiencies assessed against both parties since the time of the original decree be divided equally and be so paid by them; the requirement the defendant pay all the costs attendant to the hearing on the application for the modification of the original decree; and, the denial of the application of the defendant relative to a change in visitation rights by him with his children. The defendant has appealed by reason of the provisions of the supplemental decree.

The original decree in the divorce action was entered on October 14, 1954. It provided the wife, Shirley Cummings, the plaintiff, be granted a decree of divorce, that she be awarded the custody of the three minor children, John, James and Linda, then respectively seven, five and four years of age. The husband was given the right to visit the children on Saturday or Sunday of alternate week ends between the hours of four and seven p.m. at the home of the plaintiff and he was also given the right to have custody of the children for two weeks during the summer vacation; the defendant-husband was required to pay his wife $100 per month alimony and it was also provided he was to pay to the wife for the support of his minor children $250 per month. It was also there determined the plaintiff should be awarded title to the residence property located in Des Moines and that the same would be, "* * * free of all taxes, liens and encumbrances, except a mortgage in the amount of $14,500, the interest on which defendant would pay to the date of the divorce decree in this case, and upon entry of said decree Ray A. Cum-

mings will forthwith execute and deliver a quitclaim deed of his interest in said real estate, said deed to include the home and all the property adjoining or surrounding the same owned by defendant or by defendant and plaintiff." It was also therein determined the plaintiff-wife should be awarded all household goods and furnishings in the home and also a 1952 Chevrolet convertible automobile. She was also given a tract of ground and the business buildings located thereon in Des Moines which was leased to the Conditioned Air Corporation and the Appliance Distributors Corporation, business corporations, the stock of which was very largely held by the defendant. There was a mortgage on this property in the amount of $27,500 at the time of the entry of the original decree. It was therein provided the defendant or the corporations named would rent said properties for five years at a rental of $700 a month. It was also decreed the defendant-husband would be required to purchase from the plaintiff-wife $15,000 of par value common stock of the Conditioned Air Corporation and $2500 of par value of common stock of Appliance Distributors Corporation for the sum of $10,000, to be payable $5000 on or before November 1, 1955, and $5000 on or before November 1, 1956. The defendant was also required to procure the release of the plaintiff from all guarantees and business loans signed by her to certain Des Moines banks and to an appliance manufacturer. The defendant was further required to pay $18,340 and to assign to her the sum of $10,000 held in escrow for the parties by the Valley Bank & Trust Company. This matter developed by reason of a suit brought by the Paul A. Boyd estate (father of the plaintiff) against Ray and Shirley Cummings, to determine the interest of the estate in certain properties held in the name of Ray and Shirley Cummings and in Shirley Cummings alone. It was provided in the decree that if the parties in the present action were successful then the plaintiff, the wife, should retain all of said $28,340. The decree further provided the defendant should be awarded the ownership of a 400-acre farm in Mahaska County, which was mortgaged.

Inasmuch as some of the matters hereinafter mentioned are involved in the applications of the respective parties for a

modification of the decree we shall comment briefly upon them. In the original decree and the stipulation which was entered into on or about that time there was no mention of an account of $1385.48 owed by Ray and Shirley Cummings to Younker Brothers, Inc. It appears this account was discussed between the parties but was not called to the attention of their respective counsel at the time of the preparation of the stipulation of settlement and decree. There is some evidence to the effect the major portion of the account was for a bedstead which had been considered as a Christmas gift from the defendant to the plaintiff.

The item of $28,340 previously mentioned arose out of the condemnation of some property by the city of Des Moines for the extension of the airport runways. The action between the estate of Paul A. Boyd and the parties to this action resulted in a court determination the estate had no interest in any of the proceeds of the land affected by the condemnation proceedings. As a result thereof the plaintiff received the $18,340 previously referred to in cash and the $10,000 which was held in the bank in escrow.

A large part of the proceeds of the land held by the respective parties was invested by the defendant in a 400-acre farm in Mahaska County, the title to which was taken in his name although the airport land apparently was received from the Boyd family.

By reason of the proceeds received from the condemnation proceedings the Internal Revenue Service filed additional claims for income tax. It was the claim of this department that inasmuch as the proceeds of the condemned land were not reinvested in the names of the same titleholders as the condemned property was held, there was a capital gain and a consequent tax should be imposed. 26 U. S. C. A., section 1033. This matter was finally disposed of by a compromise settlement.

There are other phases of the case set out in the record, including information relative to the sale of the residence property and an adjacent lot awarded to the plaintiff and her later acquisition of another residence property at a price considerably less than that received for the former home property. Detailed information as to the income and holdings of the plaintiff is

also set forth as well as the income and holdings of the defendant. Although the disposition of a matter of this character is dependent upon the facts, we necessarily must limit the detailing of them.

I. The defendant claims as error the denial to him of the right of increased visitation with his children. The citation of authorities is not necessary in support of our previous holding any change or modification of a divorce decree must be based upon a change of circumstances. It is true the defendant now has a home of his own and has a daytime housekeeper. The question is whether this is such a change of circumstances as merits an increase in the visitation rights. We do not believe it is. Although the defendant was given the right under the decree to visit the children in the home of the plaintiff on either Saturday or Sunday of alternate week ends, yet he failed to take full advantage of the opportunities previously afforded him. From the time of the entry of the original decree to the time of the hearing here reviewed the defendant visited the children only six times. It is true the place of visitation in the plaintiff's home may not have been the most desirable, yet if the defendant was really interested in his children he would have made the most of it. We will not generally interfere with the determination of a trial court in matters of this character unless we find there has been an abuse of discretion. Maron v. Maron, 238 Iowa 587, 591, 28 N.W.2d 17. We are satisfied the trial court did not abuse its discretion in not changing the visitation rights.

II. We likewise see no occasion for holding the trial court committed an error when it modified the original decree and determined the defendant should pay an increased amount of $4500 by reason of an oversight of the parties relative to the balance due on the mortgage on their former residence. There is no question but at the time of the original decree there was a $19,000 balance due on the mortgage on the residence property occupied by the parties rather than $14,500 as set out in the decree. We have concluded the trial court was right in requiring the defendant to pay the $4500 difference, with interest, from the date of the original decree. To require the assumption of this additional amount by the plaintiff would not be in keeping with the intent of the original decree. The defendant claims

to make this change and require the increased payment is to change a contract. He contends this change in the decree amounts to a reformation of a contract and the proof to sustain it must be clear and convincing. We cannot so hold. It was merely a change of circumstances and the court was acting within its authority in making the modification it did.

 III. We likewise conclude the defendant should be required to pay the amount of the bill to Younker Brothers, Inc. There is no denial but what the major portion of it was incurred as a Christmas gift to the plaintiff. The trial court was acting within its prerogative in determining who should pay for family and home requirements. This is particularly true in this case when it was provided in the original decree the plaintiff should have all the household goods and furnishings in the home. We see no reason for burdening the plaintiff with an obligation for a portion of the furnishings. It is apparent this item was considered by the parties at the time of the consideration of the stipulation and decree but which through oversight was omitted in the decree. The court was justified in correcting this oversight.

The trial court has a wide discretion in passing upon the advisability or necessity for modification of a divorce decree and this court will not disturb such a change unless there is an abuse of discretion. Lyons v. Lyons, 240 Iowa 698, 699, 37 N.W.2d 309.

 IV. The defendant-husband asserts as an error of the trial court the holding, in the supplemental decree, he should pay one half of the Federal income-tax deficiency assessed against the parties herein. In connection with this claimed error there are some pertinent facts which should be considered. The eighty-acre property taken by the city of Des Moines by condemnation proceedings resulted in the payment of $120,000 to the parties. There is no denial on the part of the defendant the purchase of the Mahaska County farm, title to which was taken in his name, was made possible by reason of the use of a portion of the proceeds of the airport land. The plaintiff did get some $28,340 from this transaction, as has been mentioned. Under all the circumstances it appears quite equitable the payment of the income-tax deficiency should be divided equally. We

shall not go into detail concerning the various transactions but our review of the record has caused us to conclude the trial court was more than fair in this particular phase of the case. We have given consideration to Bormaster v. Bormaster, 1954, 177 Kan. 1, 274 P.2d 757, cited by the defendant. In this case tax deficiencies were assessed against the parties after the entry of a divorce decree. The court held where there were joint business operations the additional tax should be divided. Defendant contends inasmuch as the profit came from the plaintiff-wife's property the tax deficiency should be paid by the party whose additional income created the increase in assessment. However, in the instant case the defendant used a portion of the profit for his own benefit. We conclude the trial court was justified in making the division it did.

V. By reason of the complaint made by the defendant we must determine whether the trial court was justified in increasing the child support from $250 per month to $350 as was determined in the supplemental decree. We do not believe this change was a proper determination of the problem. Our review of the record shows the defendant is heavily indebted. It is true he has a business which pays him a respectable salary. On the other hand he has obligations which now are very substantial and could become most burdensome. If his appliance business should decrease or if the payment on the appliances his company has sold should result in delinquencies he could very easily become very much financially involved.

The plaintiff has a clear residence property; has a reasonable amount clear to her each month from the payment received from the business property; has personal property of her own and has a potential income from two trusts established by her father and mother. We realize, as previously stated, the trial court has wide discretion in determining matters of this character. On the other hand we must consider the entire case de novo. Under all the circumstances we have concluded the child support should remain at $250 per month as provided in the original decree. The evidence presented does not indicate there was sufficient change of circumstances, subsequent to the original decree, which would justify the increase of child support. We

trust we are justified in briefly philosophizing on the folly of living beyond one's means. Indeed there seems to be justification for the comment the parents of the parties here involved undoubtedly did not acquire their competency by living as the plaintiff and defendant did, and are now endeavoring to do.

VI. The costs were properly assessed and taxed to the defendant. As required by the trial court, the defendant shall pay the amount deducted from his payments on the business for money paid by him for drapes for the home.

The supplemental decree is modified as herein set forth. In all other respects it is affirmed. The cause is remanded for a supplemental decree in keeping with this opinion.—Modified and remanded.

All JUSTICES concur.