Dear District Attorney McClain:
¶ 0 This office has received your request for an official Attorney General Opinion addressing the following questions:
 1. What property is included as "household goods of the heads of families" under the provisions of Article X, § 6(b) of the Oklahoma Constitution which provides that a county may exempt "household goods of the heads of families" from ad valorem taxation?
 2. What property is included as "livestock employed in support of the family" pursuant to the provisions of Article X, § 6(b) of the Oklahoma Constitution, which provides that a county may exempt "livestock employed in support of the family" from ad valorem taxation?
 3. Is the property defined as "household goods of the heads of families" and "livestock employed in support of the family" and exempt from ad valorem taxation pursuant to Article X, § 6(b) of the Oklahoma Constitution limited to only that property located on the "homestead" as defined by 68 O.S. 1991, § 2888[68-2888]?
¶ 1 Under the Ad Valorem Tax Code, 68 O.S. 1991, §§ 2801[68-2801] etseq. (the "Code"), all real and personal property, except that specifically exempt by law, is subject to ad valorem taxation.68 O.S. 1991, § 2804[68-2804].
¶ 2 On November 3, 1992, Article X, § 6 of the Oklahoma Constitution was amended by the passage of State Question 648. The people voted to add subsection (b) which reads in pertinent part as follows:
 The board of county commissioners of any county may call a special election to determine whether or not household goods of the heads of families and livestock employed in support of the family located within the county shall be exempt from ad valorem taxation.
¶ 3 Your first two questions seek definitions of the phrases "household goods of the heads of families" and "livestock employed in support of the family."
 I.
¶ 4 The law currently provides, to a limited extent, an exemption for household goods which is found at 68 O.S. 1991, § 2887[68-2887] and provides in pertinent part:
 The following property shall be exempt from ad valorem taxation:
. . . .
 12. Household goods, tools, implements and livestock of every person maintaining a home, not exceeding One Hundred Dollars ($100.00) in value or One Thousand Dollars ($1,000.00) in value if Article X, Section 6
of the Oklahoma Constitution provides for an exemption in such amount. . . .
¶ 5 The term household goods is not defined in either the Ad Valorem Tax Code or the Oklahoma Constitution. The term "household goods" has been defined by case law as "everything about the house that is usually held and enjoyed therewith and that tends to the comfort and accommodation of the household."Lawwill v. Lawwill, 515 P.2d 900 (Ariz.App. 1973).
¶ 6 The Article X, § 6(b) exemption is unlimited as to amount but requires that the household goods be owned by the heads of families. Case law exists to support the proposition that "[o]ne person cannot constitute a family, nor the head of a family."Union Trust Co. v. Cox, 155 P. 206, 209 (Okla. 1916). In UnionTrust Co. it was held that:
 In order to constitute "the head of a family," he who claims a homestead as exempt on that ground must be able to show that there are more than himself, who together form the family, and who are legally dependent upon him, and whom he is legally obliged to care for.
¶ 7 While exemptions from taxation are generally strictly construed, the apparent reasons for this exemption argue for a more liberal construction. Where a county votes to eliminate the personal property tax it is not voting to provide for a reduction in ad valorem tax revenue. This is true because Article X, § 8A of the Constitution provides for a "millage adjustment factor" to compensate for lost revenue due to granting of the personal property exemption. Therefore, as more property is exempted, the millage is proportionately increased to compensate for "lost" revenue. It is apparent that the underlying reason for subsection (b) of Article X, § 6, of the Oklahoma Constitution was to eliminate the personal property tax on household goods and not to provide a tax benefit to family heads. Because any loss due to this exemption is recovered through the millage adjustment, the more proper construction is to construe the term "head of family" to be synonymous with the term "person maintaining a home." This interpretation is in conformity with the underlying reason for the constitutional amendment — i.e., elimination of the personal property tax on household goods. It also avoids the potential for an equal protection protest by those persons who maintain a home but lack the status of "head of a family."
 II.
¶ 8 The term "livestock employed in support of the family" is defined in the Ad Valorem Tax Code at 68 O.S.Supp. 1994, § 2807.1[68-2807.1]:
 For purposes of the exemption authorized pursuant to subsection (b) of Section 6 of Article X of the Oklahoma Constitution," livestock employed in support of the family" means all horses, cattle, mules, asses, sheep, swine, goats, poultry and any other livestock.
¶ 9 The constitutional exemption, requires that livestock be "employed in support of the family." The definition contained in 68 O.S.Supp. 1994, § 2807.1[68-2807.1] merely provides a list of exempt livestock.
¶ 10 The Constitution gives no guidance as to the meaning of the term "employed in support of the family." In the absence of such guidance it is extremely difficult to determine the extent of the livestock exemption. It can be argued that the Legislature has, by statute, determined that all livestock is to some extent employed in support of the family. To set aside the legislative definition would require a finding that the Legislature had exceeded its constitutional authority. The general presumption is that a law is constitutional and, until its unconstitutionality is judicially established, it should be treated as such.Scott-Rice Co. v. Oklahoma Tax Commission, 503 P.2d 208 (Okla. 1972). To date no court has found the statutory definition unconstitutional. Therefore, the exemption from ad valorem tax for "livestock employed in support of the family" provided at Article X, § 6(b) of the Oklahoma Constitution is applicable toall "horses, cattle, mules, asses, sheep, swine, goats, poultry and any other livestock."
¶ 11 Because the Constitution limits the exemption to livestock "employed in support of the family" the exemption must be limited to livestock owned by individuals or families and is not applicable to livestock owned by business entities.
 III.
¶ 12 Your third question seeks a determination as to whether the household goods or livestock exempt from ad valorem taxation pursuant to Article X, § 6(b) of the Oklahoma Constitution must be located on the "homestead" as defined by 68 O.S. 1991, §2888[68-2888]. Section 2888 provides in pertinent part:
 The term homestead, as used in the provisions of the Ad Valorem Tax Code governing homestead exemptions, shall mean and include the actual residence of a natural person who is a citizen of the State of Oklahoma, provided the record actual ownership of such residence be vested in such natural person residing and domiciled thereon. . . . A rural homestead shall not include more than one hundred sixty (160) acres of land and the improvements thereon; and an urban homestead shall not include any land except the lot or lots, or the unplatted tract, upon which are located the dwelling, garage, barn and/or other outbuildings necessary or convenient for family use.
68 O.S. 1991, § 2888[68-2888](A).
¶ 13 The constitutional exemption found at Article X, § 6(b) does not require that household goods or livestock be located on the taxpayer's homestead. The ad valorem exemption for "household goods of the heads of families" is not, therefore, limited to goods located on the "homestead" as defined by 68 O.S. 1991, §2888[68-2888]. Article X, § 6(b) likewise does not require that "livestock employed in support of the family" be physically located at the taxpayer's "homestead" as defined by 68 O.S. 1991, § 2888[68-2888].
¶ 14 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The exemption from ad valorem taxes for "household goods of the heads of families" provided at Article X, § 6(b) of the Oklahoma Constitution is applicable to all items of personal property contained within the household of every person maintaining a home.
 2. The exemption from ad valorem tax for "livestock employed in support of the family" provided at Article X, § 6(b) of the Oklahoma Constitution is applicable to all "horses, cattle, mules, asses, sheep, swine, goats, poultry and any other livestock" owned by individuals and families.
 3. The exemption from ad valorem tax for "household goods of the heads of families" and "livestock employed in support of the family" provided for at Article X, § 6(b) of the Oklahoma Constitution is not limited to property located on the "homestead" as defined by 68 O.S. 1991, § 2888[68-2888].
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL