NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

ANTOINETTE SONA READE, *Petitioner/Appellee*,

*v.*

SEAMUS KING, *Respondent/Appellant.*

No. 1 CA-CV 14-0428 FC
FILED 1-7-2016

Appeal from the Superior Court in Maricopa County
No. DR1999-009544
The Honorable Jay M. Polk, Judge

**AFFIRMED**

COUNSEL

Judith A. Morse, PC, Phoenix
By Judith A. Morse
*Counsel for Petitioner/Appellee*

Seamus King, Phoenix
*Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Andrew W. Gould joined.

---

**N O R R I S**, Judge:

¶1             Seamus King ("King") appeals from the family court's order denying his motion to vacate a judgment for attorneys' fees entered against him as a sanction.  Because King's arguments on appeal are without merit, we affirm the order denying his motion to vacate.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2             In 1999, Antoinette Sona Reade petitioned to dissolve her marriage to King.  King and his attorney failed to appear at the temporary orders hearing.  As a sanction for their non-appearance, the family court awarded Reade the attorneys' fees she had incurred in connection with the hearing and in August 2000 entered a $315.50 judgment against King with interest thereon at the legal rate (then 10% per annum) (the "Judgment").[1]  In December 2001, the family court entered an amended stipulated consent decree dissolving the parties' marriage ("dissolution decree").

¶3             In July 2009, Reade petitioned "in support of supplemental proceedings" to enforce the Judgment.  At a September 2009 status conference, King agreed to pay $50 per month until the Judgment was paid in full.  The family court then ordered King to make the agreed-upon payments.  King did not comply, however, with the family court's order.

¶4             In 2011, Reade again petitioned "in support of supplemental proceedings" to enforce the Judgment, and at her request, the family court scheduled a judgment debtor exam.  Although King appeared at the exam, he failed to cooperate in answering questions.

---

[1]After the family court entered the Judgment, King moved to set it aside "until [his] objection has been heard."  The family court's minute entry preceding the Judgment, however, clearly established the family court had already considered King's objection.

¶5        Thereafter, Reade petitioned for an order to show cause, asking the family court to find King in contempt for non-payment of the Judgment.  In response, King filed multiple motions objecting to the relief Reade had requested and to the enforcement of the Judgment.  The family court denied King's motions and found he had "willfully and knowingly disobeyed" its prior order to pay the Judgment.  The family court directed King to pay the amount owed under the Judgment (with the accrual of interest, $875) by June 26, 2012.  Four days before the payment deadline, King filed for bankruptcy relief.  The Judgment was not discharged in bankruptcy.

¶6        In 2014, King moved to vacate the Judgment pursuant to Arizona Rule of Family Law Procedure 85(C)(1)(c) ("fraud, misrepresentation, or other misconduct of the adverse party"), 85(C)(1)(d) ("judgment is void"), and 85(C)(1)(f) ("any other reason justifying relief from the operation of the judgment").  The family court denied the motion, finding it untimely.  It subsequently entered a signed judgment affirming the 2000 Judgment and awarding Reade's attorney $186 for costs.[2]  Thereafter, King paid $875 to Reade's attorney and filed this appeal.

## DISCUSSION

I.    Motion for Relief from Judgment

¶7        As we construe his opening brief, King primarily argues the family court should have granted his motion to vacate the Judgment under Rule 85(C)(1).  Because the family court did not abuse its discretion in refusing to vacate the Judgment, we reject this argument.  *See Birt v. Birt*, 208 Ariz. 546, 549, ¶ 9, 96 P.3d 544, 547 (App. 2004) (appellate court reviews family court order denying motion to vacate for abuse of discretion).

¶8        A motion seeking relief under Rule 85(C)(1)(c) and (f) must be filed "within a reasonable time."  Further, if a party seeks relief under 85(C)(1)(c), the motion must be filed no later than six months after the court entered the judgment or order.  *See* Ariz. R. Fam. Law P. 85(C)(2).  Insofar as King was seeking relief under Rule 85(C)(1)(c) and (f), his motion to vacate—filed 14 years after entry of the Judgment—was  not filed "within a reasonable time" and thus, as the family court found, was untimely.

---

[2]In May 2012, Reade assigned her "cause of action and judgments for attorneys' fees" to her attorney.

¶9  King also sought relief under Rule 85(C)(1)(d), which, as he points out, may be sought at any time. *Martin v. Martin*, 182 Ariz. 11, 14, 893 P.2d 11, 14 (App. 1994). But, King failed to demonstrate the Judgment was void. *Lawwill v. Lawwill*, 21 Ariz. App. 75, 78, 515 P.2d 900, 903 (App. 1973) (party seeking relief from judgment has "the burden of proving the grounds relied upon for relief"). "A judgment or order is 'void' if the court entering it lacked jurisdiction: (1) over the subject matter, (2) over the person involved, or (3) to render the particular judgment or order entered." *Martin*, 182 Ariz. at 15, 893 P.2d at 15. "If a judgment or order is void, the trial court has no discretion but to vacate it." *Id.* at 14, 893 P.2d at 14.

¶10  Here, the record establishes the family court had jurisdiction as defined in *Martin*. Nevertheless, as he did in the family court, King argued the Judgment was void because the dissolution decree provided the parties would bear their attorneys' fees and costs with one exception not relevant here. The family court entered the Judgment, however, as a sanction against King, and on its face the dissolution decree did not void or otherwise supersede the sanction award. King was thus not entitled to relief under Rule 85(C)(1)(d).[3]

## II. Other Matters

### A. Contempt

¶11  King also raises the "issue of contempt" in his opening brief. Under Arizona law, civil contempt orders and judgments are not appealable. *See Van Baalen v. Superior Court in & for Maricopa County*, 19 Ariz. App. 512, 513, 508 P.2d 771, 772 (App. 1973). Accordingly, we lack jurisdiction to review any contempt order issued by the family court.

### B. Lack of Service

¶12  King next argues Reade failed to properly serve him with her July 2009 petition in support of supplemental proceedings. Despite the

---

[3]In moving to vacate the Judgment, King was actually challenging the family court's decision to sanction him, but he could have done so through a direct appeal after the family court entered the dissolution decree. *See* Ariz. Rev. Stat. ("A.R.S.") § 12-2102(A); *Hill v. City of Phoenix*, 193 Ariz. 570, 574, ¶ 16, 975 P.2d 700, 704 (1999) ("prior judgments which adjudicate some but not all claims in a given suit . . . become final upon entry of the judgment entered last in time—the judgment which effectively terminates all issues remaining in the litigation").

alleged lack of service, King appeared at the status conference and agreed to pay $50 per month to extinguish the Judgment. By his appearance at the conference, King waived any service defect. *See* Ariz. R. Fam. Law P. 40(F) (appearance has same force and effect as proper service).

### C. Award of Costs

**¶13** King also appears to challenge the family court's award of $186 in court costs to Reade's counsel. The family court did not abuse its discretion in awarding these costs. *See Medlin v. Medlin*, 194 Ariz. 306, 309, ¶ 16, 981 P.2d 1087, 1090 (App. 1999) (appellate court reviews for an abuse of discretion).[4]

### D. Judicial Misconduct

**¶14** Finally, King argues the court acted improperly by "bullying" and "intimidating" him at the July 2009 status conference. He also accuses the court of acting with favoritism throughout the proceedings. The record does not substantiate these arguments, and thus we reject them.

III. Sanctions on Appeal

**¶15** Reade requests an award of attorneys' fees and costs on appeal as a sanction "to deter [King] and others like him." Pursuant to Arizona Rule of Civil Appellate Procedure ("ARCAP") 25, this court may sanction parties for frivolous appeals. "[A] frivolous appeal is one brought for an improper purpose or based on issues which are unsupported by any reasonable legal theory." *Johnson v. Brimlow*, 164 Ariz. 218, 222, 791 P.2d 1101, 1105 (App. 1990) (citation omitted). Based on our review of the record and King's arguments on appeal, King's appeal was utterly without merit. Thus, we order King to pay Reade $2,500 as a sanction. We also award

---

[4]In her answering brief, Reade argues the family court abused its discretion by denying her claim for additional attorneys' fees. Reade did not cross-appeal from the court's denial of her fee request, thus this argument is not properly before us. *See* ARCAP 8(b) ("A party to a superior court judgment may take a cross-appeal by filing a notice of cross-appeal with the clerk of the superior court that entered the judgment."); *Madisons Chevrolet, Inc. v. Donald*, 109 Ariz. 100, 104, 505 P.2d 1039, 1043 (1973) (party must file a cross-appeal to attack judgment or order being appealed).

Reade her costs on appeal contingent upon her compliance with ARCAP 21.[5]

## CONCLUSION

**¶16** For the foregoing reasons, we affirm the family court's order denying King's motion to vacate the Judgment and sanction King for filing a frivolous appeal.



**Ruth A. Willingham · Clerk of the Court**
F I L E D : ama

---

[5]King filed an "Emergency Notice" asking this court to supplement the record with an affidavit for renewal of judgment Reade's attorney filed after King appealed. This court's review is limited to the record before the family court, and we will not consider material that was not part of the record before the family court when it entered the order on appeal. *See GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 4, 795 P.2d 827, 830 (App. 1990). Accordingly, we deny King's request to supplement the record.