NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Matter of:

JASON DAVID GRAY, *Petitioner/Appellee*,

*v.*

PAMELA L.B. GRAY, *Respondent/Appellant*.

No. 1 CA-CV 21-0303 FC
FILED 5-5-2022

Appeal from the Superior Court in Maricopa County
No. FC 2014-091063
The Honorable Rusty D. Crandell, Judge

**VACATED AND REMANDED**

APPEARANCES

Pamela L.B. Gray, Gilbert
*Respondent/Appellant*

John Bednarz PC, Gilbert
*Counsel for Petitioner/Appellee*

--------------------------------

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Randall M. Howe and Judge James B. Morse Jr. joined.

--------------------------------

**C A M P B E L L**, Judge:

¶1        Pamela Gray (Wife) appeals from the family court's order denying her motion to set aside an order directing the sale of the former marital residence based on a finding that Jason Gray (Husband) can no longer afford to pay the mortgage payments on the home. For the following reasons, we vacate the family court's order and remand for proceedings consistent with this decision.

**BACKGROUND**

¶2        In 2014, the parties dissolved their marriage via a consent decree incorporating their property settlement agreement. Specific to this appeal, the property settlement agreement provided that: (1) both parties would "have and continue to hold joint title" of the marital residence, but Wife would "have exclusive use" of the property; and (2) Husband would "pay the mortgage associated with the marital residence, until": (a) the parties agreed to sell the home, (b) Wife refinanced the home, (c) Wife cohabitated, or (d) Husband became disabled, unemployed or "otherwise" could not "afford the mortgage payment." In the event Husband could not afford to pay the mortgage, the property settlement agreement stated that the marital residence would be sold, and the proceeds divided 70% to Husband and 30% to Wife.

¶3        In 2018, Husband petitioned the family court to enforce the consent decree, asserting he could no longer afford to pay the marital residence's mortgage due to a change in employment and asking the court to order the property's sale. After an evidentiary hearing on the matter, the family court granted Husband's petition.

¶4        Wife appealed, contending the family court erroneously found that Husband could no longer afford to pay the marital residence's mortgage payments. *Gray v. Gray*, 1 CA-CV 19-0230 FC, 2020 WL 3422832, at *2, ¶ 6 (Ariz. App. June 23, 2020) (mem decision). Given conflicts in the parties' hearing testimony, this court held that the family court did not

abuse its discretion "by ruling that Husband's current income after taxes, child support, and other expenses was insufficient to continue paying the [marital residence's] mortgage." *Id.* at ¶ 11.

**¶5**      After this court denied her motion for reconsideration, Wife moved to set aside the order directing the sale of the marital residence under Arizona Rules of Family Procedure (Rule) 85(b). Upon review of the record before it, the family court summarily denied the motion. Wife timely appealed.

## DISCUSSION

**¶6**      On appeal, Wife broadly contends that Husband has engaged in misconduct and fraud throughout the dissolution proceedings. She also questions the fairness of the consent decree. The only issue properly before us, however, is whether the family court erroneously denied Wife's Rule 85(b) motion to set aside the order directing the sale of the marital residence. *See Ruesga v. Kindred Nursing Ctrs., LLC*, 215 Ariz. 589, 599, ¶ 38 (App. 2007) (explaining "review on appeal is limited to the rulings specified in the notice of appeal").

**¶7**      We review a family court's ruling on a Rule 85(b) motion for an abuse of discretion. *Alvarado v. Thomson*, 240 Ariz. 12, 14, ¶ 11 (App. 2016). In conducting our review, we consider the facts in the light most favorable to sustaining the family court's rulings, giving "due regard" to the family court's first-hand opportunity "to judge the credibility of witnesses." *Id.* at 13 n.1 (quoting Ariz. R. Fam. Law P. 82(a)); *see also Clark v. Kreamer*, 243 Ariz. 272, 275, ¶ 10 (App. 2017). A court abuses its discretion when it commits an error of law or "the record is devoid of competent evidence to support [its] decision." *Woyton v. Ward*, 247 Ariz. 529, 531, ¶ 5 (App. 2019) (quotation and citation omitted). A party seeking to set aside an order under Rule 85(b) bears "the burden of proving the grounds relied upon for relief." *Lawwill v. Lawwill*, 21 Ariz. App. 75, 78 (1973).

**¶8**      Under Rule 85(b), a family court may relieve a party from a final judgment or order for the following reasons:

      (1) mistake, inadvertence, surprise, or excusable neglect;

      (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to file a motion [to alter or amend the judgment or order];

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason justifying relief.

**¶9**        Asserting that Husband returned to his previous, higher-paying employment shortly after the family court issued its order directing the sale of the marital residence—while the appeal was pending—Wife predicated her motion to set aside on subsections (2), (3), (5), and (6). She argued that the order was "harsh, unjust and prospectively inequitable" because, given his increased earnings, Husband can now "well afford" to pay the mortgage. In fact, Wife alleged that Husband purposefully "underemployed himself" for a brief period with the specific intent to mislead the court and evade his financial obligations under the property settlement agreement. In response to Wife's allegations, Husband did not contest that he had returned to substantially higher-earning employment after the family court entered the order directing the sale of the marital residence based on his reduced earnings. Instead, he argued that "the circumstances as they stood at the time [he] filed his motion to sell" the marital residence "justified the order to sell," and, having been upheld by this court, the order should be accorded finality.

**¶10**        As a preliminary matter, we note that Wife has abandoned her newly discovered evidence claim on appeal. *See Best v. Edwards*, 217 Ariz. 497, 504, ¶ 28 n.7 (App. 2008) (issues not raised in an opening brief are waived). Moreover, because Husband returned to higher-paying employment *after* the family court entered the order at issue, evidence of *that* job change is not newly discovered evidence for purposes of Rule 85(b)(2). *See Birt v. Birt*, 208 Ariz. 546, 547, ¶ 11 (App. 2004) (explaining newly discovered evidence "is evidence which existed at the time of trial").

¶11 Turning to the arguments reasserted on appeal,[1] Wife first points to Husband's current earnings and argues that he perpetrated a fraud on the family court by concealing his ability to pay the marital residence's mortgage. *See* Ariz. R. Fam. L. 85(b)(3). But as stated, Husband returned to higher-paying employment *after* the family court issued its order directing the sale of the property. Given this chronology of events, Husband *had* no increased income to disclose *while* his motion to enforce the consent decree was pending before the family court. Moreover, although Wife asserts that Husband "intentionally underemployed" himself as a ruse before seeking an order directing the sale of the marital residence, the family court, as fact-finder, judged the parties' credibility and acted within its discretion by implicitly accepting Husband's testimony that he initially changed jobs so he could spend more time with the parties' minor child. Absent any clear evidence to support Wife's contention that Husband changed jobs for the sole purpose of avoiding his obligations under the property settlement agreement, the reason for his initial job change presented a credibility determination for the family court to resolve. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998). Neither the law nor the evidence compels a finding of fraud, and we will not revisit the family court's assessment on appeal. Accordingly, the family court did not abuse its discretion by denying Wife's motion to set aside the order based on alleged misconduct or fraud.

¶12 Next, Wife contends that the prospective application of the order directing the sale of the marital residence is no longer equitable. Ariz. R. Fam. L. 85(b)(5). To determine whether a court order has "prospective application," we consider the nature of the underlying controversy. *See Birt*, 208 Ariz. at 549, ¶ 18; *see also* Restatement (Second) of Judgments (Restatement) § 73 (1982) (stating a judgment "may be set aside" if "[t]here has been such a substantial change in the circumstances that giving continued effect to the judgment is unjust"). The relevant inquiry is whether an order declares the rights between parties independent of any "changing conduct or conditions." *Birt*, 208 Ariz. at 549, ¶ 18 (quoting *Twelve John Does v. Dist. of Columbia*, 841 F.2d 1133, 1139 (D.C. Cir. 1988)). While the existence of "continuing consequences" does not "necessarily mean" that a court order has "prospective application," *id.*, when a change in circumstances works to substantially "disturb" the underlying "balance" of "burden[s]

---

[1] While a motion under Rule 85(b)(5) and (b)(6) "must be made within a reasonable time," a party may move to set aside an order "for fraud on the court" at any time. Ariz. R. Fam. L. 85 (c)(1), (d)(3). We conclude that Wife timely raised her (b)(3), (b)(5), and (b)(6) claims shortly after this court denied her motion for reconsideration.

and benefit[s]" in a court order, "redress by modification" may be warranted. Restatement § 73, cmt. B; *see also Skousen v. W.C. Olsen Inv. Co.*, 149 Ariz. 251, 253-54 (App. 1986) (affirming a superior court's ruling granting Arizona Rule of Civil Procedure 60(c)(5) relief from a judgment enforcing a contract of indemnity when the anticipated loss had not yet occurred at the time of judgment and the indemnified transaction resulted in a substantial profit rather than a loss). To be clear, an order establishing the equities between parties "is res judicata as to the circumstances which existed at the time" the court entered the order. *Gillespie Land & Irrigation Co. v. Narramore*, 93 Ariz. 67, 71 (1963). But a court of original jurisdiction retains the "power to enforce, and when deemed necessary, to modify [an order] as to its prospective application and to relieve a litigant of the effect of such [an order], where, because of subsequent changed circumstances, its application is no longer equitable." *Id.*

¶13        The relevant evidence shows, and the parties do not dispute, that Husband returned to higher-paying employment shortly after the family court entered the order directing the sale of the marital residence based on his reduced earnings. In fact, Husband currently receives a markedly higher salary than he earned when the parties negotiated the property settlement agreement. Because the circumstances that justified relieving Husband's ongoing obligation to pay the marital residence's mortgage no longer exist, prospective application of the order to sell the marital residence is no longer equitable. Indeed, consistent with Wife's assertions, the record reflects that Husband had reduced earnings for only a relatively brief period. For this reason, we hold the family court abused its discretion by denying Wife relief under Rule 85(b)(5).

## CONCLUSION

¶14        For the foregoing reasons, we vacate the family court's orders denying Wife's motion to set aside and appointing a special real estate commissioner, and remand for proceedings consistent with this decision.

Both Husband and Wife request an award of attorneys' fees under A.R.S. § 25-324. Although Wife consulted advisory counsel in preparing her appellate briefs, she was self-represented in this appeal, and we deny her request. In our discretion, we also deny Husband's request. We award Wife her taxable costs, however, upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:   AA