NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

ERIK B. NIELSEN, *Petitioner/Appellee*,

*v.*

ANGELA M. NIELSEN, *Respondent/Appellant*.

No. 1 CA-CV 24-0386 FC

FILED 04-03-2025

Appeal from the Superior Court in Maricopa County
No. FC2011-006226
The Honorable Melissa Zabor, Judge

**AFFIRMED**

COUNSEL

Sirard Law Firm, Peoria
By Lisa M. Sirard
*Counsel for Respondent/Appellant*

Stillman Smith Gadow, Phoenix
By Stephen Roy Smith, Christopher Torrenzano
*Counsel for Petitioner/Appellee*

Arizona Attorney General's Office, Phoenix
By Alyson M. Foster, Jaimee Oliver
*Counsel for Real Party in Interest Arizona Department of Economic Security*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the Court's decision, in which Presiding Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

---

**W I L L I A M S**, Judge:

¶1 Angela M. Nielsen ("Mother") appeals the superior court's order denying her motion for relief from a judgment entered in favor of Erik B. Nielsen ("Father"). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 In 2012, Mother and Father divorced. As part of the divorce decree, the superior court awarded both parents equal parenting time with their two children and ordered Father to pay Mother child support of $220.63 per month. In 2015, the court increased Father's monthly child support obligation to $550.00.

¶3 In 2019, Mother petitioned the superior court to modify child support again. The court held an evidentiary hearing in 2022. At the hearing, Mother requested retroactive child support modification from November 1, 2019, through May 31, 2021, because the children resided solely with her during that time. The court denied Mother's request, finding "[t]he reason the [parties'] equal parenting time arrangement was not followed from October 2019 through May 2021 was because [Mother made] false allegations against Father." The court also found that because Father continued to pay child support even after the children began residing exclusively with him in May 2021, he had overpaid Mother $9,350.00 ($550 x 17 months). Accordingly, the court entered a judgment of $9,350.00 plus interest in Father's favor and ordered that his "obligation to pay child support to Mother is terminated effective June 1, 2021." The court also calculated child support since the May 2021 parenting time change and ordered Mother to pay Father child support of $467.00 per month.

¶4 Fifteen months after the superior court entered judgment in Father's favor, Mother moved for relief from the judgment under Arizona Rule of Family Law Procedure ("Rule") 85. The court summarily denied her request for relief.

¶5        Mother timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-120.21(A)(1).

## DISCUSSION

¶6        Mother challenges the superior court's denial of her request for relief from the judgment. First, she argues "the court had no authority to render [the] judgment" because it contravenes the law governing child support. Second, she characterizes the judgment as "unjust" and asserts it causes her "extreme hardship," warranting relief.

¶7        We review a superior court's ruling on a Rule 85(b) motion for an abuse of discretion. *Alvarado v. Thomson*, 240 Ariz. 12, 14, ¶ 11 (App. 2016). A court abuses its discretion when it commits an error of law or "the record is devoid of competent evidence to support [its] decision." *Woyton v. Ward*, 247 Ariz. 529, 531, ¶ 5 (App. 2019) (internal quotation marks omitted).

¶8        Father failed to file an answering brief. When an appellant raises debatable issues, we may treat the appellee's failure to file an answering brief as a confession of error. *See Bugh v. Bugh*, 125 Ariz. 190, 191 (App. 1980). However, because this case involves the best interests of a minor child, we will not assume a confession of error here. *See Hays v. Gama*, 205 Ariz. 99, 102, ¶ 18 (2003) (explaining that in a custody case, a "child's best interest is paramount").

¶9        Under Rule 85(b), a superior court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to file a motion [to alter or amend the judgment or order];
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or

vacated; or applying it prospectively is no longer
equitable; or

(6) any other reason justifying relief.

"A motion under section (b) must be made within a reasonable time — and for the reasons set forth in subparts (b)(1), (2), and (3), no more than 6 months after the entry of the judgment." Ariz. R. Fam. L. P. 85(c)(1). A party seeking to set aside an order under Rule 85(b) bears "the burden of proving the grounds relied upon for relief." *Lawwill v. Lawwill*, 21 Ariz. App. 75, 78 (1973).

## I.    Void

**¶10**        Although we generally review the denial of a motion to set aside a judgment for an abuse of discretion, we review *de novo* a claim that a judgment is void. *Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8 (App. 2012). We also review questions of statutory interpretation *de novo*. *Buencamino v. Noftsinger*, 223 Ariz. 162, 163, ¶ 7 (App. 2009).

**¶11**        A judgment is void if the court lacked the authority to render it. *Shinn v. Ariz. Bd. of Exec. Clemency*, 254 Ariz. 255, 264, ¶¶ 34–35 (2022). Rule 85's six-month and reasonableness time limits do not bar a claim that a judgment is void. *Duckstein*, 230 Ariz. at 231, ¶ 9. Indeed, "the court must vacate a void judgment or order even if the party seeking relief delayed unreasonably." *Martin v. Martin*, 182 Ariz. 11, 14 (App. 1994) (internal quotation marks and citation omitted).

**¶12**        To support her contention that the judgment is contrary to law and therefore void, Mother points to the Arizona Child Support Guidelines ("Guidelines"), A.R.S. § 25-320 app., which establish the presumptive termination date for a child support obligation:

> [T]he last day of the month of the 18th birthday of the youngest child included in the order unless the court finds that it is projected that the youngest child will not complete high school by age 18. In that event, the presumptive termination date is the last day of the month of the anticipated graduation date, or age 19, whichever occurs first.

Guidelines § XV.D. Until such time, "[e]ach parent" must contribute to the basic child support obligation based on "his or her proportionate share of the total child support amount." Guidelines § I.A.

**¶13**       As construed by Mother, the judgment unlawfully terminated Father's obligation to support the children until they either graduate from high school or reach age nineteen. But contrary to Mother's contention, the judgment does not relieve Father of his legal duty to provide financially for the parties' children. In fact, the superior court clearly applied the Guidelines—accounting for both parties' monthly income—to calculate the basic child support obligation. Because Father directly provided for the children's living expenses while they resided with him full-time, Mother owed Father her proportionate share of the basic child support obligation as monthly support even though Father had a significantly higher monthly income. Simply put, the judgment did not relieve Father of his legal obligation to provide for the children; rather, it ended his court-ordered child support payments to Mother. In entering the judgment, the court acted within the scope of its authority and in compliance with the Guidelines. Therefore, the judgment is not void and the court did not err by refusing to set it aside under Rule 85(b)(4).

## II.       Any Other Reason Justifying Relief

**¶14**       Under Rule 85(b)(6), a court may set aside a judgment for any reason that justifies relief, except for the reasons enumerated in subsections (1) through (5). *Birt v. Birt*, 208 Ariz. 546, 551, ¶ 22 (App. 2004). The rule permits relief "when our systemic commitment to finality of judgments is outweighed by extraordinary circumstances of hardship or injustice." *Id.*

**¶15**       Mother contends the judgment causes her extreme hardship because it will "take years to pay back." She also argues that it "takes from her share of the actual child support obligation she owes."

**¶16**       Under Rule 85(b)(6), a party must move for relief within a reasonable time. Ariz. R. Fam. L. P. 85(c)(1). Mother asserts that her motion for relief from judgment, filed nearly fifteen months after the superior court entered a final judgment, qualifies as timely because she requested relief "within a reasonable time" after "learn[ing] that her judgment was void."

**¶17**       As discussed, the superior court's judgment, terminating Father's monthly child support obligation to Mother, was not void. Nor was Mother's claim for 85(b)(6) relief timely. And Mother has not shown that requiring her to pay back the monies to Father either works an injustice or causes her undue hardship. For these reasons, the superior court did not abuse its discretion by denying Mother's motion to set aside the judgment under Rule 85(b)(6).

## CONCLUSION

**¶18** We affirm. Mother requests an award of attorney's fees under A.R.S. § 25-324, which authorizes an award of attorney's fees after considering both parties' financial resources and the reasonableness of their positions on appeal. In our discretion, we deny her request.

